PLUMMER ET AL. v. THE PEOPLE'S NAT. BANK OF INDEPEND-ENCE ET AL.

1. **Appeal:** JURISDICTION NOT GIVEN BY APPEARANCE OF APPELLEE. When an abstract is filed in this court, it is presumed to contain the whole record so far as it is material; and if it fails to show that an appeal was taken, this court has no jurisdiction, even though the appellee appears; and in such case it is the duty of the court to dismiss the appeal on its own motion, and without waiting for the appellee to raise the objection that the abstract fails to show the taking of an appeal.

*Appeal from Buchanan District Court.*

FRIDAY, JUNE 10, 1887.

THIS action was brought to obtain possession of a policy of life insurance. The defendant Edgar Holmes intervened. There was a trial to the court without a jury and judgment was rendered for the intervenor. The plaintiffs appeal.

*John J. Ney*, for appellants.

*Woodward & Cook*, for appellee.

ADAMS, CH. J.—This court cannot take jurisdiction of a case, unless our jurisdiction appears affirmatively from the record. Where cases are submitted upon an abstract, we assume that the abstract shows the whole record so far as it

is material. If the abstract does not show that we have juris-
diction, we can do nothing but dismiss the case.

The abstract before us does not show that an appeal was
taken. This it should show. (Rule of court 98.) We have
no jurisdiction of the case except upon appeal. It is true
that the appellee appears, but appearance does not confer
jurisdiction upon an appellate court. In the absence of an
appeal, the appellate court lacks more than jurisdiction of
the person of the appellee.

It is true also that the appellee does not in this case raise
a question of a want of jurisdiction. But a court should see
to it of its own motion that the case is one of which it
appears to have jurisdiction.

We think that the appeal must be DISMISSED.