M. J. FARRELL, Plaintiff, v. CITY OF MUSCATINE, Defendant.

Appeal: NOTICE: RECORD: JURISDICTION.

| 85 | 753 |
| 85 | 735 |
| 85 | 753 |
| 86 | 746 |

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

SATURDAY, MAY 28, 1892.

ACTION to recover damages alleged to have been done to the plaintiff's property by defendant filling up one of its streets. Trial to a jury, and, on motion of the defendant, the jury were instructed to return a verdict for the defendant, upon which judgment was entered against the plaintiff.—*Dismissed.*

*Richman & Burk* and *E. F. Richman,* for appellant.

*J. R. Hanley,* for appellee.

GIVEN, J.—The case is submitted upon an abstract filed by the plaintiff and upon printed arguments from both parties. There is nothing whatever in the abstract or arguments to show that any appeal was ever taken in this case. The abstract commences by setting out the petition, and concludes with an assignment of errors, immediately preceding which it shows that judgment was entered upon the verdict against the plaintiff, to which he excepted, and that "all of the foregoing exceptions are shown by the record in said cause, and also evidenced by a bill of exceptions filed April 18, 1890." The case is entitled "M. J. Farrell, Appellant," but there is nothing to show that he ever took an appeal. It is true that the appellee appears and does not question but that an appeal was taken. "But appearance does not confer jurisdiction upon an appellate court. In the absence of an appeal, the appellate court lacks more than jurisdiction of the person of the appellee." *Plummer v. Bank,* 73 Iowa, 752; *First Nat. Bank v. City Council, ante,* p. 730. In that case, as in this, the abstract did not show that an appeal had been taken. It is there further said: "This court cannot take jurisdiction of a case, unless our jurisdiction appears affirmatively from the record. * * * If the abstract does not show that we have jurisdiction, we can do nothing but dismiss the case." Following the conclusion announced in that case, this must be DISMISSED.