JOHN PULLAN, Appellee, v. A. D. STRUTHERS et al., Appellants.

TRIAL: Verdict—Noninconsistent Verdict. A verdict against two of
1   three defendants may not be said to be inconsistent with itself
    when the record reveals the fact that the testimony against the
    exonerated defendant was less persuasive than that against the
    other two defendants. (See Book of Anno., Vol. 1, Sec. 11508,
    Anno. 7 *et seq.*)

APPEAL AND ERROR: Exceptions—Necessity For. Failure to except
2   to an adverse ruling on a motion for new trial precludes appellate
    review of exceptions embodied in the motion. (See Book of Anno.,
    Vol. 1, Sec. 11536.)

APPEAL AND ERROR: Exceptions—Necessity For. Failure to ex-
3   cept to an adverse ruling on an objection to argument precludes
    appellate review.

APPEAL AND ERROR: Abstracts of Record—Amendment by Appellee
4   —Effect. Appellee's undenied amendment to abstract will be pre-
    sumed correct, and in such case there can be no occasion to certify
    the record. (See Book of Anno., Vol. 1, Sec. 12845, Anno. 162 *et
    seq.*)

Headnote 1:  38 Cyc. p. 1884.  Headnote 2:  3 C. J. p. 969.  Headnote
3:  3 C. J. p. 910.  Headnote 4:  4 C. J. p. 408.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 16, 1926.

ACTION at law, to recover money paid on contract to pur-
chase corporate stock, based on rescission for fraud. Verdict
and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Clark· & Byers,* for appellants.

*Chester J. Eller,* for appellee.

MORLING, J.—I. The sale of corporate stock involved in
this case is one of three sales made as a part of the transaction
considered in the case of *Pullan v. Struthers,* 201 Iowa . . . . .
Another sale of stock in the same corporation, and involved in
an action based upon it, was before us in *Reinertson v. Struthers,*
201 Iowa . . . . . Most of the questions presented here have been

disposed of by our opinions in those cases, and further discussion of them would be superfluous. The evidence here, as there, was ample to warrant the submission of the question of conspiracy to the jury.

II. The action by James Pullan and this action were brought against A. D. Struthers, S. F. Ellis, James H. Jameson, John C. Kudej, and the Bankers Loan & Investment Company. The individual defendants named in each action filed a joint answer, consisting of a general denial. In the present action, separate amendments in behalf of each individual defendant were filed. In the James Pullan case, the jury returned a verdict against Struthers, Ellis, and Jameson, but not against Kudej. The plaintiff in the present case dismissed as to Kudej. The jury returned a verdict in this case against Struthers and Ellis, but not against Jameson. It is assigned as error that the verdict, because not returned against Jameson, is inconsistent with itself; and it is argued that the evidence is the same with respect to the liability of each defendant, and that the verdict, having been returned in favor of one and against another, therefore, cannot be permitted to stand. We are not referred to any part of the record showing that this question was brought before the trial court. If it was raised by the motion for new trial, the abstract fails to show exception to the order overruling it. The question was argued as to Kudej in the James Pullan case. The evidence with respect to the complicity of James H. Jameson in the fraudulent transactions is quite different, in many respects, from that in respect to the complicity of Struthers and Ellis. The defendants must have considered this to be true, because the motion to direct a verdict, made at the close of the plaintiff's evidence, was, in respect to the sufficiency of the evidence, made separately in behalf of Jameson and the other defendants, as well as jointly. For these various reasons, the assignment of error is not sustained.

1. TRIAL: verdict: noninconsistent verdict.

III. Errors are assigned to the instructions. The principal points made were argued and passed upon in the James

Pullan case.  Here, judgment was entered on the verdict at
the time it was returned; and afterwards,

2. APPEAL AND
ERROR: excep-
tions: necessity
for.

motion for new trial embodying exceptions to
the instructions was filed.  The abstract shows
that the motion for new trial and exceptions to instructions
were overruled, but does not show that any exception was taken.
The exceptions to the instructions are, therefore, not review-
able.  *Gibson v. Adams Exp. Co.,* 187 Iowa 1259; *Anthony v.
O'Brien,* 188 Iowa 802; *Lutz v. Davis,* 195 Iowa 1049.  How-
ever, we have examined the instructions and exceptions to them,
and find no prejudicial error.

IV.  Alleged misconduct of plaintiff's counsel in his argu-
ment to the jury was excepted to before submission of the case.
The record shows that this was done by way of statement of
defendants' counsel, taken down by the re-

3. APPEAL AND
ERROR: excep-
tions: necessity
for.

porter, reciting counsel's interpretation of what
was said in the absence of the court, and in-
ferentially in the absence of the reporter.  Plaintiff's counsel
excepted to this statement by defendants' counsel, and stated
that it was not true.  Plaintiff's counsel then proceeded to re-
cite what he claimed was his statement to the jury.  There is
no other record as to what in fact occurred.  The statement of
plaintiff's counsel, as an admission of what he said, as well as
the alleged statement which he denied, is argued here, as con-
stituting misconduct.  Such statement by plaintiff's counsel was,
however, not made the ground of an exception or of motion for
new trial.  The statement which defendants' counsel claims
was made by plaintiff's counsel to the jury is not sustained by
the record, and, as noted, no exception to the action of the
court in overruling it as ground for new trial appears.

V.  Appellants move to strike appellee's amendment to
abstract.  In this amendment, appellee denies appellants' ab-
stract, and sets out nearly 40 pages of evidence and a certificate
that the amendment, "together with the cer-

4. APPEAL AND
ERROR: abstracts
of record:
amendment by
appellee: ef-
fect.

tification of the original transcript and all the
papers and exhibits to the Supreme Court, to-
gether with the pleadings and evidence set out
in appellants' abstract, constitute sufficient record," etc.  Under
Rule 17, if appellee deems the appellants' abstract incorrect or

unfair, he should furnish additional abstract. He will not be permitted merely to deny appellants' abstract and remit the court to an examination of the record below. His amendments will be accepted as true, unless denied and the denial sustained by certification of the record. In this case, the appellants do not deny the correctness of the amendments. There was, therefore, no necessity for certifying the record.

We find that the amendments are not, as is further claimed by appellants, unnecessary or a repetition. We must assume them to be correct, and they set out only such additional material as is proper and necessary to a correct understanding of the evidence. The motion is overruled. The judgment is— *Affirmed.*

EVANS, STEVENS, FAVILLE, and ALBERT, JJ., concur.

DE GRAFF, C. J., not participating.