EMMA REINERTSON et al., Appellees, v. CONSOLIDATED CHEMICAL PRODUCTS COMPANY et al., Appellants.

.NOVEMBER 15, 1927.

REHEARING DENIED FEBRUARY 17, 1928.

*Clark, Byers & Brunk,* for appellants.

*Chester J. Eller,* for appellees.

MORLING, J.—I.  This action belongs to a series of similar cases which includes *Reinertson v. Struthers,* 201 Iowa 1186; *Pullan v. Struthers,* 201 Iowa 1179; *Pullan v. Struthers,* 201 Iowa 709. · Those three cases, however, were for  the recovery of damages for fraud in the sale of stock of the Bankers Loan & Investment Company only.  The present action is for damages for fraud in the sale of stock of the Consolidated Chemical Products Company only. . Defendants' main reliance is on the proposition that plaintiffs have heretofore sued and recovered on the same cause of action, and that the action now before us is, in effect, one to recover additional damages, and to sustain it

would be to permit plaintiffs to split their cause of action. Defendants ground their contention on the fact that the parties made a written agreement, dated September 22, 1919, whereby the Consolidated Chemical Products Company acknowledged receipt from Anton Reinertson of a farm mortgage for $35,000, and agreed to deliver to him, within six days, 100 shares of Bankers Loan & Investment Company stock, 19,000 shares of Consolidated Chemical Products Company stock, and Reinertson's two promissory notes for $4,000 and $1,100, which he had given for balances owed on two prior purchases of Chemical Company stock. The agreement provided for adjustment of interest, and that Reinertson should assign to the Western Life Insurance Company and guarantee the $35,000 mortgage. The agreement stated that it was "to complete contract between the two parties hereto signed." The agreement is signed by Anton Reinertson and Consolidated Chemical Products Company, by A. D. Struthers, president. Following the signatures are two memoranda, the first acknowledging receipt of the mortgage, and agreeing to deliver to Reinertson, within five days, 120 shares of Bankers Loan & Investment Company stock and $16,666 of the Consolidated Chemical Company. A later one acknowledges receipt of stock. These memoranda are signed by Anton Reinertson, A. D. Struthers, and James H. Jamison, the last date being October 11, 1919.

That a plaintiff may ordinarily maintain but a single action upon the same cause, and that the cause of action is merged in a judgment recovered upon it, is familiar law. It is sometimes difficult to determine whether the actions are upon the same or different causes. 1 Corpus Juris 1116. But there is no splitting and no merger unless the cause of action (not necessarily the form of the remedy, however) is the same. The action which the defendants say was upon the same cause as that now under review was that brought to this court and reported in *Reinertson v. Struthers*, 201 Iowa 1186. In that and in this the plaintiffs, while originally seeking to recover as on rescission for fraud, were held entitled not to recover as on rescission, but were held entitled to recover damages for fraud. The court did not have before it, therefore, in the former case, and does not have before it now, any question of plaintiffs' right to recover the specific property (or its value) procured from them on a contract re-

scinded for fraud. In each instance the case ultimately submitted was solely one for damages suffered from fraud.

The elements of a cause of action for fraud, though they may be stated in more condensed form (*Smith v. Packard & Co.*, 152 Iowa 1, 5), are: (1) representation, (2) falsity, (3) materiality, (4) *scienter*, (5) intent to deceive, (6) reliance, (7) resulting injury and damage. 26 Corpus Juris 1062. The question is whether the elements which make up the cause of action, and which must be pleaded and proved, in order to entitle plaintiffs to recover, are the same in the two cases.

In the first place, the fraud set up in the Bankers Loan Company case was there alleged to have been perpetrated by A. D. Struthers, S. F. Ellis, James H. Jamison, John C. Kudej, and the Bankers Loan & Investment Company, who were the defendants, and against whom judgment was rendered. The fraud counted on in this case is alleged to have been perpetrated by the Consolidated Chemical Products Company, James H. Jamison, S. F. Ellis, and A. D. Struthers (originally, also, Smouse). The fraudulent representations alleged to have been made by the defendants in the Bankers Loan Company case were (in substance) that the Bankers Loan Company was conceived in fraud; that the defendants in that case originated a scheme to obtain funds through it, and, having conspired together to organize it, represented to plaintiffs that the Bankers Loan Company was a going concern, that an investment in it could not be a loss, but would be profitable, that it was financially able, and managed by capable and experienced men, that it had purchased a certain property (not one spoken of in the present case) at a profit, that the individual defendants therein were officers and directors of the Bankers Company, etc. All of the representations and wrongful conduct set up in that case related to the Bankers Loan & Investment Company, its property, stock, and affairs. It was there alleged that the defendants for the Bankers Loan Company purchased worthless notes of the Consolidated Chemical Products Company, but no representation or fraud in the organization or concerning the assets, stock, or affairs of the Consolidated Chemical Products Company as a basis of action was set up. In the case now before us, the fraud and representations alleged are that Struthers, Jamison, Ellis, and Smouse conspired to form the Consolidated Chemical Products Company

for the purpose of fraud, and that, in furtherance of the conspiracy, defendants individually, and through the aid of one another, represented that Ellis, Jamison, Struthers, and Smouse were officers of the Chemical Company, and represented that the company was organized for the purpose of manufacturing certain compounds, was making great profits, that its stock was worth more than par, that it was actually selling its products, etc.,—all relating to the organization, assets, affairs, and stock of the Consolidated Chemical Products Company, of which Ellis, Jamison, Struthers, and Smouse are alleged to be officers. The organization, assets, business, or stock of the Bankers Company are not brought into the plaintiffs' petition, further than that it is alleged that, as part of the scheme to defraud, the Western Life Insurance Company conspired to aid by making loans through the Bankers Loan Company, and that the Western Life did so aid. The allegations of falsity, materiality, *scienter*, and reliance, of course, relate in the Bankers Loan case to the representations there made, and in this case to those alleged here to have been made.

The injury pleaded in the Bankers Loan case was plaintiffs' consequent inducement to purchase 128 shares of worthless stock of the Bankers Loan & Investment Company for $15,000. The injury alleged in the case here is inducement to purchase, at three different times, worthless stock in the Consolidated Chemical Products Company, and to pay therefor $25,666.

The evidence, of course, conformed in each case to the allegations. The fraud proved was the fraud alleged in the case on trial, and not the fraud alleged in the other case. The representations in both cases (though times are not clearly stated, either in pleadings or evidence) are claimed to have been made about the same time, and perhaps on the same occasions. In the present case, plaintiffs set up three purchases of stock of the Chemical Company: the first in January, 1919, when plaintiffs bought 5,000 shares for $5,000, paying $2,800 down and giving a note for the balance; the second in April, 1919, of $5,000 in stock, of which $1,000 was paid in cash, and a note for $4,000 given for the balance; the third in September, 1919, amounting to $14,900. (Amounts stated in the record do not always agree.)

The purchase of stock in the Bankers Loan & Investment

Company alleged in the case brought against it was a single one, made in September, 1919. We may assume that the purchase was in fact made September 22, 1919, of the Bankers Loan & Investment Company stock and of the last lot of Consolidated Chemical Products Company's stock, as shown by the written agreement. Those two lots of stock and the $1,100 note given for the January purchase and the $4,000 note for the April purchase of Consolidated Chemical Products Company stock were paid for by the assignment of the $35,000 mortgage. Plaintiff Anton testifies that Struthers told him, when the last deal was made, that he, Struthers, was an officer of the Chemical Company and the Bankers Loan & Investment Company, and:

"I just take that mortgage and put it right into the Western Life, and give $15,000 to the Bankers Loan and $20,000 to the Chemical Company."

In another place Reinertson says:

"I meant the Western Life was to take the mortgage and pay the cash for it, and turn $20,000 over to the Chemical Company and $15,000 over to the Bankers Loan & Investment Company."

The action is not on contract. Though plaintiffs have affirmed the contract, they have not affirmed the fraud. The contract is material as evidence, but it is not the cause of action. The allegations and proofs speak for themselves, and discussion cannot make it plainer that the two suits are upon entirely different causes of action. There is neither splitting nor merger.

II. Defendants argue that the evidence does not justify the submission to the jury of the charge of fraud. While the evidence whether the representations were made or not is in conflict, plaintiff and his son testify to the making of them, and there is other evidence tending to show fraud. That the representations were false and fraudulent, if made, and that the stock was worthless, is sufficiently shown.

In this connection, defendants argue that there is no sufficient evidence of conspiracy. We need not consider the relation of the alleged conspiracy to the case, though that is argued  in behalf of the plaintiffs. Jamison, Ellis, and Struthers were organizers and directors of the Chemical Company. They purposed to finance the company through the sale of its stock. They

knew that the Chemical Company had no other source of revenue or capital than from the sale of stock. They intended that stock should be sold to the public. There is evidence that the properties acquired by the Chemical Company were acquired by the action of the directors, including defendants, and, to a considerable extent at least, the individual defendants were interested in such properties (or in the stock of a predecessor corporation) at the time of transfer to the Chemical Company. There is evidence that these properties were largely speculative, and of little or no value. There were discrepancies and irregularities in the company's books and reports.

The business was conducted at a loss. There is evidence that the defendants represented, before and after the sales to plaintiffs, that the business was profitable, that the company was making money, and that the plaintiffs' stock was worth more than they paid for it. The plaintiff Anton's testimony is that the representations on which he relied were made by Ellis, Jamison, and Struthers. They were directors and officers also of the Bankers Company and of the Western Life. The jury would be warranted in finding that the individual defendants combined to issue and sell valueless stock of the Chemical Company and procure money from the public by deceitful and fraudulent means. The sufficiency of the evidence of fraud and conspiracy was for the jury.

III. Defendants further contend that the action is barred by limitation. The sales were made from January to September, 1919. The action was commenced in December, 1924. There is evidence that defendants continued for two or three years to falsely represent to plaintiffs that the company was doing a good and profitable business, making money, and that the plaintiffs' stock was worth more than they paid for it. The plaintiffs were not officers or directors, or informed concerning the business and property or value of the stock of the company. The jury might find that plaintiffs were kept in ignorance of the fraud for two or three years by defendants' continued and intentional fraudulent representations and concealment. It was not for the court to hold that the statute of limitations had run.

No other points requiring discussion are made.—*Affirmed.*

STEVENS, DE GRAFF, ALBERT, and WAGNER, JJ., concur.