SMITH BROS. & BURDICK COMPANY, Appellant, v. WILLIAM GOLDBERG et al., Appellees.

**CHATTEL MORTGAGES:** Rights of Creditors—After-acquired Stock.
1   Even though a chattel mortgage on a stock of goods does not provide that it shall cover after-acquired stock, it must be deemed to cover the existing stock, in the absence of some definite evidence as to what part of the original stock had been sold.

**ATTACHMENT:** Levy—Defective Notice of Ownership—Effect. The
2   fact that the notice to an attaching officer of the interest of a chattel mortgagee in attached property is defective becomes of no consequence when it is made to appear that the mortgagee was in open and undisputed possession of the mortgaged chattels and was proceeding to foreclose the mortgage when the officer levied the attachment.

Headnote 1:   11 C. J. p. 506.   Headnote 2:   6 C. J. p. 232.

Headnote 1:   5 R. C. L. 404.

*Appeal from Scott District Court.*—W. W. SCOTT, Judge.

NOVEMBER 15, 1927.

Suit on account, aided by attachment, for merchandise sold and delivered. Certain parties intervene, claiming a chattel mortgage on the property attached. The district court held with the interveners, and plaintiff appeals.—*Affirmed.*

*F. A. Cooper,* for appellant.

*Carl H. Lambach,* for appellees.

ALBERT, J.—William Goldberg conducted a merchandise establishment in the city of Davenport. In November, 1925, plaintiff sued him on an open account for merchandise for $460.70. Goldberg defaulted, and judgment was entered against him on April 1, 1926, for that amount. In this proceeding an attachment was also issued, and the sheriff took possession of the stock thereunder. Jesse Whitebook and others intervened in the action, claiming that, before the sheriff levied on the same, they were in possession of said stock of goods under and by virtue of certain chattel mortgages executed by Goldberg and his wife to them on July 13, 1925 (the same being recorded on July 18, 1925) ; and they claim the property, as against the attachment creditor.

1. CHATTEL MORT-
GAGES: rights
of creditors:
after-acquired
stock.

It appears from the record that Goldberg had been in financial distress, and had at one time turned his property over to one Herman Zeuch; that he executed notes to Zeuch for $1,600, and the interveners herein signed the same with him; that the interveners also furnished him $600 in cash, for which he gave his note; that he did not pay these notes in accordance with the terms, and one Bryson came to his relief. A chattel mortgage for $2,200 covering the stock of goods was then executed by Goldberg and wife to these parties who had signed his note as security. Later, this chattel mortgage was turned over to the constable, Sam O. Kelly, as agent for the holders of the mortgage, and he took possession of said stock of goods, prior to the time the attachment in this case was levied by the deputy sheriff.

The claim of the plaintiff is that this chattel mortgage was made simply to cover this stock of goods as against the claim of the plaintiff herein; that it was not a good-faith mortgage; and that the indebtedness alleged therein did not in fact exist. The evidence shows that, after the chattel mortgage was given, Goldberg continued to conduct the store in the usual way, selling goods and buying others to replace them. There is nothing in the evidence to show that this was not a good-faith chattel mortgage, but plaintiff claims that, because of the way the business was conducted after the chattel mortgage was given, and

because the chattel mortgage does not provide that the same shall cover after-acquired property, there was no property left in the store which was there when the chattel mortgage was given. The evidence in the case, however, does not sustain this contention of the plaintiff's. It is true that it shows that some goods were sold and replaced, but the amount and quantity thereof is in no way fixed, so that we can give the plaintiff no relief on this phase of the case, if he were entitled to relief on such theory.

The plaintiff in its answer to the petition of interveners admits that the notice was served on the sheriff in this proceeding, but avers that the notice was defective in form and 2. ATTACHMENT: substance, and not in compliance with the stat-
levy: defective ute of Iowa, and admits that one Sam Kelly, as
notice of own-
ership: effect. agent, had in his possession the chattel mortgage alleged and set forth herein, at and before the time the levy was made, but avers that the chattel mortgage did not cover the stock of goods herein levied upon, and demands strict proof.

As heretofore stated, it appears from the record that the chattel mortgage was turned over to Kelly with instructions to take possession of the stock as agent for the mortgagees. That Kelly did so take possession of said stock prior to the time of the levy is not in dispute. He was in charge of the store, invoicing, at the time the sheriff appeared to make the levy. The sheriff was, therefore, bound to take notice of his rights. Goldberg testifies that, when Kelly came there, he exhibited the chattel mortgage, and stated that he was there to take possession of the stock of goods under the mortgage; that he (Goldberg) said, ''All right,''—he could have possession of the goods; and he turned the keys over to Kelly, put on his coat, and left the building. Kelly corroborates these statements.

The sum total of the whole matter is that Goldberg turned over to Kelly the possession of this stock of goods, to be by him applied on the note secured by the chattel mortgage. This being true, and he being in possession of the same, the sheriff had no right to levy on the same while they were thus in possession of Kelly; and if he did so wrongfully, the rights acquired under the attachment would be inferior to the rights of Kelly, as agent for the holders of the chattel mortgage.

The district court held that the rights of these interveners, under the circumstances shown, were superior to the rights of plaintiff, acquired by reason of its attachment and levy. We are of the opinion that the ruling of the district court was right, and the same is affirmed.—*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.