IN RE ESTATE OF HENRY H. GERDES.

No. 48280.

(Reported in 56 N.W.2d 897)

February 10, 1953.

McManus & O'Connor, of Manson, for appellants.

A. J. Braginton, of Manson, Rider & Bastian, of Fort Dodge, and Stanley E. Felt, of Billings, Montana, for appellees.

THOMPSON, J.—From time immemorial it is probable that nothing has brought such disrepute in the minds of laymen upon the law and lawyers as the all-too-frequent slowness in judicial procedures. Shakespeare recognized this condition; in Hamlet's soliloquy he classes "the law's delay" as one of the major trials of life, only to be borne because it seems better to "bear those ills we have than fly to others that we know not of." We must concede that the criticism is sometimes just. It places the law at a disadvantage before the court of public opinion. Its validity is recognized by the bench and bar generally, and constant efforts have been made for many years past to speed up the trial of cases and to simplify procedures so that prompt decisions will be made. Justice delayed is often justice denied, and with this thought in mind the courts, bar associations and legislative bodies have for many years past sought better means of giving litigants not only justice, but expeditious justice.

One of the major reasons for the enactment of the Iowa Rules of Civil Procedure, which went into effect on July 4, 1943,

334

was to avoid needless delays in the termination of lawsuits. Many rules were enacted looking to the simplification of procedural matters, and to make litigation less cumbersome, less expensive and less protracted. To a considerable extent they have been effective, but no rule of procedure or of law will operate successfully unless it is enforced. Perhaps both the courts and the members of the bar are at fault; the rules have not always been followed in the spirit in which they were promulgated.

We have ourselves on several occasions overlooked violations of the rules laid down for appellate procedure, for the understandable reason that courts normally and properly prefer to decide cases upon their merits rather than upon technicalities. Nevertheless, the time inevitably comes when we must say the breaches are too flagrant or too numerous to be condoned. It is understandable that attorneys may overlook the rules enacted for the governing of appeals, or their work may be so heavy they feel they do not have time to make the effort to conform in all details, and yet the purpose of the law cannot be always and entirely overlooked.

Generally we do not file opinions upon rulings on motions to dismiss appeals, but we have decided to do so in this case so our holding may be clear, and that—we say hopefully—it may serve as a warning and a guide for the future.

I. In the case at bar the notice of appeal was served on July 30, 1952. The reporter's transcript was certified and filed on August 5 following. The proposed abstract of the record—the typewritten copy—was filed in the office of the clerk of the court on October 28, 1952. This was the ninetieth day from the time of giving of notice of appeal. Rule 340(a), 58 I. C. A. 104, says:

"*Promptly* after taking an appeal to the supreme court, appellant shall file with the clerk of the trial court duplicate typewritten abstract of so much of the record in that court, including pleadings, evidence, rulings, orders, judgment and all proceedings in the case, as is material to the appeal." (Italics ours.)

Rule 342(a) provides:

"Within ninety days after filing notice of appeal, or such

longer time as the trial court may grant on application and hearing, appellant shall file the printed record with the clerk of the trial court, with one printed copy for the attorney or attorneys for each other party to the record and for each such party not represented by attorney."

On the same day, upon application for extension of time to file written record, the trial court fixed a hearing for October 29. We shall assume, without deciding, that proper notice of this hearing was given to the appellees. At the time fixed, the court granted an extension of time as prayed and later settled the record, including some matters set up in an amendment filed by appellees.

The proposed record filed by appellant was in no manner abstracted. It included captions of pleadings and certificates of the trial court and reporter. The testimony of the witnesses was merely a copy of the transcript in question-and-answer form throughout. When the record was settled the court did not interfere with this manner of presenting the evidence. The printed record, as finally filed, likewise has no abstract of the testimony, but carries it verbatim from the transcript. The printed record has no index of the testimony of the witnesses, except that it is listed as "Testimony", without reference to any page. Actually, the testimony of the witnesses, seven in number, with several of them having been recalled three or four times, extends from page 171 through page 331. No names of witnesses are listed in the index nor is there any reference to pages. Twenty-seven exhibits are set out or referred to in the printed record as filed, but there is no indexing except that there appears in the index the word "Exhibits" and a page number, 356. Actually, the exhibits extend from page 356 to 364, inclusive. Rule 340(i) requires a brief index of the contents both of the proposed abstract and of the printed record. There are also mistakes in the printed record as finally filed.

II. The failures of appellants to comply with the rules may be summarized as these: Failure to file their proposed abstract promptly, without excuse for delay; failure to file the printed record within ninety days; failure to abstract the evidence; failure to index the testimony of the witnesses in the printed record;

failure to index many of the exhibits; inclusion of needless matters, such as captions and court's and reporter's certificates in the proposed abstract; and failure to exclude mistakes from the printed record. Perhaps any one of these, standing alone, would not require us to dismiss the appeal, but taken as a whole they amount to such disregard of the rules that we conclude a dismissal should be entered.

Perhaps the most important of the above failures concerns the long delay in filing the typewritten abstract. Appellants make no excuse for this, except to say they thought they could not ask for additional time for filing the printed record until they had filed their proposed abstract, which of course does not touch the reason for the delay. The transcript of the evidence was filed six days after the notice of appeal was served, so that there remained eighty-four days in which to prepare and file the typewritten abstract, get the record settled and make up and file the printed record. We have held that failure to file the printed abstract is not jurisdictional, Stolar v. Turner, 236 Iowa 628, 19 N.W.2d 585; but we also said a reasonable excuse for delay should be shown if we are to be expected to waive strict compliance. Stolar v. Turner, supra, page 644. It must be noted that we are not dealing here merely with failure of one day; the rule contemplates the typed abstract should be filed "promptly" and long enough before the expiration of the ninety-day period so the appellee may have twenty days to file proposed amendments, the court may settle the record, and it may be printed in final form and filed within the time fixed. The purpose of the rule was certainly to expedite appellate procedure and avoid delay. We would not be justified in waiving compliance where no reasonable excuse is shown.

We have repeatedly warned of the possible effect of failure to obey the rules in various respects. In the case of In re Adoption of Cannon, 243 Iowa 828, 836, 53 N.W.2d 877, 882, where there was an entire failure to abstract the testimony, Justice Smith, for the court, after pointing out the disregard of the rules, said: "Our leniency in the instant case is not to be construed as a precedent for future violations should there be any such."

In Nelson v. Fisch, 241 Iowa 1, 3, 39 N.W.2d 594, 595, again through Justice Smith, we issued this warning: "However, we have concluded *just once more* to spare the litigants the expense that would thereby be caused by the failure of their attorneys to observe a rule designed to protect all parties and the trial court by enabling the supreme court to determine exactly the proceedings complained of."

In Brown v. Schmitz, 237 Iowa 418, 419, 22 N.W.2d 340, we had a situation identical with the instant case in so far as the testimony was not abstracted but was copied verbatim from the transcript. Justice Garfield, for the court, called attention to this defect and to rule 340 which requires abstracting. Similar warnings may be found in many other cases, including Phillips v. Smith, 240 Iowa 863, 867, 38 N.W.2d 87; Walker v. Walker, 239 Iowa 1055, 1056, 33 N.W.2d 413; Schoeman v. Loyal Protective Life Ins. Co., 239 Iowa 664, 674, 32 N.W.2d 212; Patterson v. Wuestenberg, 239 Iowa 658, 664, 32 N.W.2d 209, 212 ("Substantial compliance with the Rules is the litigant's only safe course."). Surely sufficient warning has been given. In fact, it may be that we have cried "Wolf!" so often that the danger has come to be thought not to exist. But, since repeated cautions have been ineffective, and further, since we are confronted here with a case involving many unexcused violations of the various phases of rules 340 and 342, we find it necessary, although regrettable, that we sustain the motion to dismiss the appeal, and it is so ordered.—Appeal dismissed.

SMITH, C. J., and BLISS, GARFIELD, WENNERSTRUM, and HAYS, JJ., concur.

OLIVER and MULRONEY, JJ., take no part.

LARSON, J., not sitting.