ASSOCIATES DISCOUNT CORPORATION, appellee, v. HARRY F. HELD and HAROLD B. T. BROWN, d/b/a HELD AND BROWN AUTO SERVICE, appellants.

No. 51046.

(Reported in 123 N.W.2d 869)

OCTOBER 15, 1963.

John W. Pieters, of Waterloo, for appellants.

Birdsall, Pickett & McLendon, of Waterloo, for appellee.

MOORE, J.—Plaintiff's damage claim for conversion of an automobile was tried by the court upon the following agreed statement of facts:

1. The plaintiff is a corporation and is engaged in the automobile financing business and maintains an office in the city of Chicago, Illinois.

2. The defendants are residents of Black Hawk County, Iowa, and own and operate, as a partnership, the business known as Held and Brown Auto Service.

3. On or about June 4, 1959, one Larry Fox purchased from Station Wagon Sales Incorporated of Chicago, Illinois, a 1958 Mercury Station Wagon bearing Serial No. M 8ZF-515006 and that such purchase was made by a retail installment contract, a true copy of which is attached to the plaintiff's petition and is known as plaintiff's Exhibit "A" and that the parties hereto agree that such copy represents the true contract and may be received in evidence without further proof.

4. The plaintiff herein became the owner of the retail installment contract by way of purchase or assignment and paid therefor the sum of $2994.60 and that they became the owner on July 1, 1959, and no payment was due at that time on contract.

5. At the time the plaintiff herein became the owner of the said retail installment contract the former owner or assignor released its lien from the title and the said lien was satisfied as to General Finance Corporation on July 1, 1959.

6. The plaintiff herein failed and neglected to note its lien on the title until May 6, 1960, on which date the plaintiff herein had its lien noted on the title and a corrected title was issued to the plaintiff herein showing the notation of its lien.

7. The plaintiff in recording its lien and having the same noted on the title as of May 6, 1960, complied in each and every respect with the laws of the state of Illinois with respect to its lien and interest in the said automobile.

8. The said Larry Fox was obligated under the said contract to pay the sum of $99.82 monthly, beginning on the 12th day of July, 1959, and the said Larry Fox made one payment on the said contract leaving a balance due to plaintiff of $2894.78.

9. The said Larry Fox in violation of the said contract, admitted herein, removed the said vehicle from the state of Illinois without permission of the plaintiff and brought the said automobile to Waterloo, Iowa.

10. The plaintiff herein had no knowledge of the whereabouts of the said Larry Fox or the motor vehicle herein described after the date the first payment was made.

11. On April 2, 1960, the said Larry Fox took the said automobile to the defendants' place of business for repairs, after the said automobile was involved in an accident.

12. The said defendants repaired the automobile at a cost of $152.17 and that the said Larry Fox never paid the said bill and the defendants retained possession of the said automobile, claiming an Artisan's lien, which the plaintiff admits was prior and superior to its lien as far as the Held and Brown Auto Service is concerned.

13. After the Held and Brown Auto Service had retained the car in their possession for sixty days Mr. Held consulted the Waterloo Police Department and the State Highway Patrol to see if the car was stolen and got no information concerning the same.

14. After the defendants had held the car six months the defendants had an attorney write to the Motor Vehicle Department of the state of Illinois with respect to liens, and it is admitted that if such letter were written no answer was ever received.

15. The Held and Brown Auto Service then put the car up for Bailiff's Sale, after suit and judgment against Larry Fox, and followed the laws of the state of Iowa with respect to such sale and the sale was held at the Bailiff's office in the Municipal Court of Waterloo, Iowa, as advertised.

16. The defendant, Harry Held, personally bid in the car at the Bailiff's Sale for the sum of $370 and that this sale was held on the 24th day of March, 1961; and that the money was paid into the Clerk of Municipal Court to apply on the judgment against Fox which was $422.02 plus costs.

17. The parties hereto agree that at the time the said Harry Held purchased the said automobile at the Bailiff's Sale the car had a value of $1395.

The trial court found plaintiff was entitled to recover the value of the car less the amount of defendants' lien. From judgment of $972.98 against them, defendants have appealed. Plaintiff has cross-appealed.

█ I. This is a law action. Our appellate jurisdiction is confined to the correction of errors. Rule 344(a)(3), Iowa Rules of Civil Procedure, requires a statement of errors relied on for reversal when the appeal presents questions of law. We have repeatedly held that an error not assigned presents no question

for review and need not be considered upon appeal. Slippy Engineering Corp. v. City of Grinnell, 226 Iowa 1293, 1303, 286 N.W. 508, 513; Weimer v. Lueck, 234 Iowa 1231, 1240, 15 N.W. 2d 291, 295; Miller v. Griffith, 246 Iowa 476, 483, 66 N.W.2d 505, 507; Osbey v. Nelson, 248 Iowa 571, 573, 574, 81 N.W.2d 449, 451.

Neither party has assigned errors. Only from defendants' two brief points and plaintiff's one brief point are we able to learn of their complaints. However, we deem it our duty to dispose of appeals on their merits whenever it can be done and have decided, as a matter of grace rather than right, to determine this case on the points raised in the briefs. We have done so in some prior cases. See Agans v. General Mills, Inc., 242 Iowa 978, 48 N.W.2d 242, 243; Lundy v. O'Connor, 246 Iowa 1231, 1234, 71 N.W.2d 589, 591; McBeth v. Merchants Motor Freight, Inc., 248 Iowa 320, 322, 79 N.W.2d 303, 304.

II. Defendants-appellants assert under their first brief point that under the provisions of chapter 95½, section 3-202, Code of Illinois, plaintiff does not have a valid security interest. Then in their argument for the first time in this case they set out what purports to be the provisions of that Illinois Code section. Obviously this contention is contrary to the agreed statement, particularly as found in paragraph 7 thereof. It attempts to raise an issue not presented to or considered by the trial court. The rule is well established that a party is not entitled to urge a contention raised for the first time in this court. Turner v. Zip Motors, Inc., 245 Iowa 1091, 1101, 65 N.W.2d 427, 433, 45 A. L. R.2d 1174; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154, 157; Neibert v. Stone, 247 Iowa 366, 367, 73 N.W.2d 763, 764; Signer v. Crawford County Board of Educ., 247 Iowa 766, 768, 76 N.W.2d 213, 214. Accordingly we decline to consider defendants' first contention.

III. Under their second brief point defendants-appellants argue they were innocent purchasers for value without notice at the judicial sale. They cite no Iowa authority for this contention. The stipulated facts establish plaintiff had a duly registered lien prior to levy of execution. A duly recorded

or registered valid lien on personal property is not lost by its removal to this state without the consent or knowledge of the lienholder. Northern Finance Corp. v. Meinhardt, 209 Iowa 895, 226 N.W. 168, and citations. Under the provisions of section 626.34, Code of Iowa, defendants' lien under the execution was at least secondary to plaintiff's lien. See Smith Bros. & Burdick Co. v. Goldberg, 204 Iowa 816, 818, 215 N.W. 956, 957; Heessel v. Creston National Bank, 205 Iowa 508, 512, 218 N.W. 298, 300; Northern Finance Corp. v. Meinhardt, supra.

Code section 626.93 provides that personal property offered at execution sale must first be appraised and then sold for not less than two thirds its appraised value. If after three successive days it is not sold for two thirds then it may be sold for one half its appraised value. In no event can it be sold for less than one half. The parties agree the automobile sold was worth $1390 at the time of the bailiff's sale. It was bought by defendant, Harry Held, for $370. It seems only reasonable he was only attempting to protect the artisan's lien. We find no merit in defendants' argument that plaintiff's lien was defeated by the judicial sale.

IV. On cross-appeal plaintiff contends defendants waived their artisan's lien by bringing an ordinary action against Larry Fox in the Waterloo Municipal Court. They argue their recovery should be $1395. Defendants retained possession of the car at all times. They did not have actual notice of plaintiff's lien when they started action. Their actions clearly indicate an intention to hold their artisan's lien.

In Murray v. McDonald, 203 Iowa 418, 420, 421, 212 N.W. 711, 712, 56 A. L. R. 233, it is said:

"When two or more concurrent remedies exist, between which a party has the right to elect, and the remedies thus open to him are inconsistent, and the party actually brings an action, or by some other decisive act, *with knowledge of the facts,* indicates his choice between the inconsistent remedies, he is bound by his election. This is a well recognized rule. [Citations] On the other hand, it is well settled law that the doctrine of election of remedies does not apply to coexistent and consistent reme-

dies. Easton v. Somerville, 111 Iowa 164; Austin Mfg. Co. v. Decker, 109 Iowa 277." (Emphasis ours.)

We agree with the trial court's findings that defendants did not knowingly elect between two concurrent inconsistent remedies.

We find no merit in either appeal.—Affirmed on both.

All JUSTICES concur except THORNTON, J., who takes no part.