JESSE R. PHOENIX et ux., appellants, v. JOHN L. STEVENS et al., appellees.

No. 51287.

(Reported in 127 N.W.2d 640)

April 8, 1964.

R. L. Morgan, of Des Moines, for appellants.

Paul McDonnell, of Des Moines, for appellees.

Moore, J.—Termites and damage caused by them give rise to this law action for fraud. Plaintiffs on June 8, 1961, purchased the residence property at 3211 Fifth Avenue, Des Moines, from defendants. After living in. the property for several months they had a termite inspection made and discovered considerable termite damage much of which was covered by boards nailed to the plate between the joists at the top of the basement walls.

Plaintiffs allege that by such concealment misrepresentations were deliberately and falsely made by defendants with intention to deceive plaintiffs and cause them to rely and act on them and they were damaged thereby. They neither allege nor claim any oral or written misrepresentation was made. Before trial plaintiffs dismissed their claim against the realty company.

After trial to the court, findings of fact and conclusions of law were filed from which the printed record and plaintiff-appellants' brief and argument indicate they have appealed and attempted to assign errors. If this were the correct state of the record we would be compelled to dismiss this appeal. See Creel v. Hammans, 232 Iowa 95, 5 N.W.2d 169; Iowa Public Service Co. v. Sioux City, 254 Iowa 22, 116 N.W.2d 466, and citations.

However as authorized by rule 341, Rules of Civil Procedure, at our request the clerk of the court below has certified to us a copy of a judgment entry against plaintiffs and their notice of appeal therefrom. In keeping with our duty to dispose

of appeals on their merits whenever it can be done we will consider the decisive issues raised by plaintiffs. We have done so in some prior cases. See Associates Discount Corporation v. Held, 255 Iowa 680, 684, 123 N.W.2d 869, 871, and citations. It is a matter of grace rather than right. The rules governing preparation of records and briefs on appeal should be followed. It is important that the record show the judgment appealed from and the notice thereof.

Plaintiff Jesse R. Phoenix, having some prior experience with buying and remodeling houses, first went to the subject property with defendants' real-estate agent a few days before June 8, 1961. He went through the entire property including the basement and expressed to the agent his ideas of how he would remodel and improve it if he decided to purchase. The inspection was made during the daytime, electric lights were on in the basement and when asked by the agent if he wanted a flashlight Phoenix answered in the negative and stated he could see sufficiently. He asked no questions as to termites or any damage to the property nor did the agent make any statement. The agent testified he had no knowledge of termites or termite damage and that the subject was not mentioned. Jesse made at least one more visit to the property before buying it.

Plaintiffs bought the property by contract on June 8, 1961, and shortly thereafter moved in. They then met defendants for the first time.

They first became aware of damage when Jesse started to install a different door on the basement entryway in August 1961 at which time the door came loose from the casing. He then observed a "powdery substance" covered with paint. Having no termite experience he made no further inspection of the premises and only after later visiting a termite company booth at the state fair did he call in an expert.

September 5, 1961, a termite expert made an inspection. He found extensive termite damage to the plate under each of the boards which had been nailed there. He also found extensive uncovered termite damage to other parts of the house, particularly around the outside stairway and a basement window. He stated the damage was very apparent to him but that an in-

experienced person would probably not recognize it as termite damage. When the boards were removed the nails were rusty.

Defendants bought the subject property in July 1953 and lived there until June 1961. During this period they made several improvements including plastering the basement walls in 1957. Defendant John L. Stevens testified that in order to avoid smearing plaster on the sills and to make a straight edge he nailed scrap wood from his furnace room to the sill or plate and that was his only purpose for doing so. He said when he drove the nails they seemed to go into solid wood, he nailed no board to cover damaged wood, he nailed no such boards after 1957 and he had no knowledge of any such damage as claimed by plaintiffs.

Both defendants testified they had no knowledge or indication of termites in the property until so notified by plaintiffs in the fall of 1961.

We believe this is a sufficient detailing of the evidence to demonstrate the factual problems presented to the trial court.

The trial court's findings include: the property was infested with termites at the time of sale, plaintiffs were given adequate opportunity to and did inspect the property before purchase, much of the termite damage was uncovered and apparent, the evidence failed to show knowledge of defendants of termites or termite damage at time of sale, and the evidence did not establish the placing of the boards was done with intent to conceal damage from plaintiffs. He concluded plaintiffs failed to sustain their burden of proof.

Plaintiffs' primary complaint is their disagreement with the trial court's findings of fact. Most of their brief and argument is devoted to their contention the court failed to give proper weight to various parts of the evidence.

■ I. This law action tried to the court is not triable de novo here. In accord with our uniform decisions and rule 334, Rules of Civil Procedure, it is reviewed on errors assigned. The findings of fact have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Our question is whether the trial court's find-

ing is supported by substantial evidence, and we will not weigh the evidence or the credibility of the witnesses. McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130, 131, and citations. See also rule 344(f)1. Further, the evidence will be construed in the light most favorable to the trial court's judgment. Staley v. Fazel Bros. Co., 247 Iowa 644, 648, 75 N.W.2d 253, 255, and citations.

II. The essential elements of actionable fraud are: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, (7) resulting injury and damage. Reinertson v. Consolidated Chemical Products Co., 205 Iowa 417, 420, 216 N.W. 68, 69; Gipp v. Lynch, 226 Iowa 1020, 1026, 285 N.W. 659, 662; Wyckoff v. A & J Home Benevolent Assn. of Creston, 254 Iowa 653, 658, 119 N.W.2d 126, 129, and citations. The plaintiffs here have the burden of establishing each of these elements before they are entitled to recover. Lamasters v. Springer, 251 Iowa 69, 73, 99 N.W.2d 300, 304.

In Wyckoff v. A & J Home Benevolent Assn. of Creston, supra, page 657, 254 Iowa, pages 128 and 129, 119 N.W.2d, we said: "Fraud cannot be presumed but must be affirmatively proved by the one who relies on it either for the purpose of defense or attack." See also Luebke v. Freimuth, 248 Iowa 58, 61, 78 N.W.2d 473, 478.

Here plaintiffs' difficulty is the lack of evidence. Defendants knew no more about termites and damage caused by them than did the plaintiffs even after living in the property for several months. The evidence fails to establish any false representation with intent to deceive. The trial court's findings are amply borne out by the evidence. The judgment of the trial court must be affirmed.

Our holding is decisive of this appeal. We are not persuaded plaintiffs' other contentions require extending this opinion.—Affirmed.

All JUSTICES concur.