CULLIGAN SOFT WATER SERVICE, appellee, v. DOUGLAS BERGLUND, appellant.

No. 52287.

OCTOBER 18, 1966.

Isadore Nadler, of Waterloo, for appellant.

Edward D. McCoy, of Waterloo, for appellee.

MOORE, J.—This is an action on a promissory note admittedly signed by defendant in conjunction with a conditional sales agreement for sale of a water softener by plaintiff, Culligan Soft Water Service, to defendant, Douglas Berglund. Defendant pleaded fraud in the inception of the note and agreement and election of remedies such as to bar this action. Trial to the court resulted in judgment against defendant for $284.73. Defendant has appealed. We affirm.

Despite our many warnings in the past, we again find a record which makes little pretense of complying with the Rules of Civil Procedure. We have consistently warned attorneys such failure may result in dismissal of the appeal. In re Adoption of Cannon, 243 Iowa 828, 835, 836, 53 N.W.2d 877, 882, and citations. In In re Estate of Gerdes, 244 Iowa 332, 56 N.W.2d 897, 70 A. L. R.2d 210, we dismissed the appeal for failure to comply with the plain provisions of our rules. We might well do the same here. Beginning with the caption, which we have corrected, and in several respects, some of which we shall point out infra, the record as submitted is inadequate. Appellee's brief ignores rule 344 in that no authorities are cited to support the rulings of the trial court. Compliance with the rules assists in our better understanding the issues and the merits of the appeal.

We have nevertheless, in keeping with our desire to dispose of appeals on their merits, decided to consider the questions raised on this appeal as we are able to understand them. See

Associates Discount Corp. v. Held, 255 Iowa 680, 684, 123 N.W.2d 869, 871, and citations.

I. Rule 335, Rules of Civil Procedure, as pertinent here, provides appeals to this court must be taken within 30 days from the entry of judgment or decree. Rule 336 provides: "How taken—notice—delivery. Appeal is taken and perfected by filing a notice with the clerk of the court where the order, judgment or decree was entered, signed by the appellant or his attorney. It shall specify the parties taking the appeal, and the decree, judgment, order or part thereof appealed from. * * *."

The right to appeal is statutory and in civil cases is governed by our Rules of Civil Procedure. Only after compliance with the rules has this court jurisdiction to entertain an appeal. Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1123, 1124, 66 N.W.2d 111, 112, and citations; Jackson v. Jackson, 248 Iowa 1365, 1368, 85 N.W.2d 590, 593, and citations.

The record here is devoid of the slightest mention of notice of appeal. Rule 340 requires all proceedings in the case material to the appeal be shown in the record. It is important the record show the notice of appeal and the date thereof. Phoenix v. Stevens, 256 Iowa 432, 434, 127 N.W.2d 640, 641. See also Plummer v. People's Nat. Bk. of Independence, 73 Iowa 752, 33 N.W. 150; McLaughlin v. Hubinger Bros. Co., 135 Iowa 595, 113 N.W. 475.

As authorized by rule 341 at our request the clerk of the court below has certified to us a copy of the notice of appeal. We have also been furnished a certified copy of the trial court's order authorizing this appeal if required by rule 333. We therefore will consider the issues raised by defendant-appellant. Our leniency here is not to be construed as a precedent for future violations of the rules should there be any such.

II. Prior to trial defendant filed three motions for change of venue. Each was overruled. He assigns error only on the ruling on his third motion. Plaintiff-appellee argues the second and third motions were repetitions of the first and therefore no issue is presented on appellant's first assignment. In view of our ruling infra this claim need not be decided. The contents

and basis of the first two motions are not shown by the record. Defendant's third motion was made under rule 167(e) which provides a defendant, sued in a county where he does not reside, on a written contract expressly performable in such county, who has filed a sworn answer claiming fraud in the inception of said contract as a complete defense thereto, may have the case transferred to the county of his residence.

The provisions of rule 167(e), which are the same as earlier statutes, regarding a change of venue are mandatory when the requirements of the rule are met. Sorlie v. Peters, 233 Iowa 349, 351, 7 N.W.2d 36, 37, 38, and citations.

The record fails to disclose any proof offered by defendant bringing him under rule 167(e) as to place of residence. The sales contract attached to the petition shows his address as 324 Fourth Street, Washburn, Iowa. This is in Black Hawk County where he was being sued.

We must take the record as made by counsel. Cale v. Great Western Supply Co., 255 Iowa 237, 238, 122 N.W.2d 455, and citations. From the scant record submitted we conclude the trial court found defendant failed to meet the requirements of the rule and therefore properly overruled the third motion for change of venue.

III. On trial exhibit A, the sales contract to which the note was attached, was received in evidence by agreement of the parties. Plaintiff then called its vice-president and general manager, Emory Stoka, who identified the company office record, exhibit B, showing credits due defendant. He had not been with the company when the sale was made but was in charge of the records when the company was compelled to take possession of the water softener two and a half years after the sale. Stoka testified it was picked up after defendant had threatened to put it in the street. Defendant's testimony corroborates these facts. Later the softener was sold resulting in a credit of $145 on the note.

Defendant objected to exhibit B on the ground proper foundation had not been laid to make it admissible under the provisions of Code section 622.28. The trial court found exhibit B had been kept in the regular course of business and

that its trustworthiness had been established. We agree the record well establishes its admissibility. See Bingham v. Blunk, 253 Iowa 1391, 116 N.W.2d 447; Moffitt Building Material Co. v. United States Lbr. & Sup. Co., 255 Iowa 765, 124 N.W.2d 134. Why defendant objected to proof of credit is most difficult to understand. No prejudice to defendant could possibly result in the court's ruling.

■ IV. Defendant testified plaintiff's salesman, Dale Cameron, said "at anytime you are dissatisfied with the unit, you let us know, and we will take the unit back". He further testified he relied on Cameron's statement and would not have signed but for his understanding the sale was on a 90-day trial basis. The evidence is undisputed Cameron had no authority to sell on a trial basis. The sales contract is regular on its face and contains no reservations. Defendant testified he signed on Cameron's representation it was necessary so Cameron could get his commission.

Defendant testified he had bought many articles on conditional sales agreements and that he regularly in his occupation of selling tractors and heavy equipment dealt with sales agreements.

The trial court's findings include: "That from the evidence presented defendant was a competent businessman with considerable experience in dealings of the nature in the case at bar; that defendant either knew or should have known, under the circumstances that the alleged representation made by Dale R. Cameron was a substantial and material deviation from the written contract, that the defendant either knew or should have known, under the circumstances that such a material portion of the contract must be reduced to writing to bind the owner vendor."

The trial court then concluded defendant failed to meet the burden of proving he was fraudulently induced to sign exhibit A.

■ One of the elements of fraud such as to defeat a contract is reliance which must be proved by the party alleging it. Phoenix v. Stevens, 256 Iowa 432, 436, 127 N.W.2d 640, 642; Syester v. Banta, 257 Iowa 613, 625, 133 N.W.2d 666, 674.

This being a law action the trial court's findings are binding upon us if supported by substantial evidence. No citation of authority is necessary. See rule 344(f)1, Rules of Civil Procedure.

We find such support in the record and therefore agree with the trial court's finding defendant failed to prove his pleaded affirmative defense of fraud in the inception of the sales agreement and note.

V. Defendant-appellant's remaining assigned error is plaintiff's action was barred by its election of remedy. Defendant testified he gave plaintiff notice within 90 days after signing the agreement he was dissatisfied with the softener and notified plaintiff to pick it up but no action was taken by plaintiff until approximately two and a half years later.

In February 1965 defendant notified plaintiff he was moving, he had no intention of taking the softener to his new home and it would be left in the street unless the company picked it up. Plaintiff then picked up the softener and started action on its note. Later the softener was sold and credit given on the note for the net from the sale.

When two or more concurrent remedies exist, between which a party has the right to elect, and the remedies are inconsistent, and the party actually brings an action, or by some other decisive act, with knowledge of the facts, indicates his choice between inconsistent remedies, he is bound by his election. On the other hand, it is well settled the doctrine of election of remedies does not apply to coexistent and consistent remedies. Murray v. McDonald, 203 Iowa 418, 420, 421, 212 N.W. 711, 712, 56 A. L. R. 233; Associates Discount Corp. v. Held, 255 Iowa 680, 685, 123 N.W.2d 869, 872.

Plaintiff started action on the note and under the facts elected to pursue that remedy. Taking possession of the water softener was not voluntary. It would indeed be a strained finding to conclude any election of remedy was made other than action on the note.

We must mention also the contract provides the seller may "4(d) Pursue alternatively or concurrently any other remedy now or hereafter provided to the Seller by Law, in which

case such action by the Seller shall not operate to stop him from pursuing, nor constitute a waiver of any other and different remedy that he may have." Since the parties were competent to contract and did so freely, it is not the province of this court to act as guardian for the maker and say he shall not be bound to do what he agreed to do. Short v. Martin, 255 Iowa 189, 193, 194, 121 N.W.2d 154, 157, and citations.

The facts as well as defendant's own agreement defeat his claim that this action is barred under the doctrine of election of remedies.

Since we are unable to sustain any assigned error the judgment is—Affirmed.

All JUSTICES concur.