Virgil E. NORTHRUP, Appellant.

v.

Wesley J. FOSTER and LaVera Foster,
Appellees.

No. 55430.

Supreme Court of Iowa.

Feb. 21, 1973.

Tom Riley of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

David F. McGuire, Cedar Rapids, for appellees.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff appeals from judgment of trial court finding him negligent in an intersection automobile accident and ordering recovery for defendant, nondriving car owner, on his counterclaim. Plaintiff's only assigned error asserts the fact findings of the trial judge are not supported by substantial evidence. We disagree and affirm.

I. This law action which was tried to the court is not triable de novo on appeal. In accord with our uniform decisions and rule 334, Rules of Civil Procedure it is reviewed on the error assigned. The findings of fact by the trial court have the effect of a special verdict and are equivalent to the verdict of a jury. We review the record in the light most favorable to the judgment. If it is supported by substantial evidence and justified as a matter of law the judgment will not be disturbed on appeal. Rule 344(f)1, R.C.P.; Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co., Iowa, 196 N.W.2d 533, 535; Weisbrod v. State, Iowa, 193 N.W.2d 125, 127; Omaha Standard Inc. v. Nissen, Iowa, 187 N.W.2d 721, 723, and citations in each.

II. The accident here involved occurred about 3:30 p. m., November 30, 1970 at the uncontrolled intersection of Fifth Street and "N" Avenue N.W. in Cedar Rapids. Plaintiff was driving his Oldsmobile south on Fifth Street. Defendant LaVera Foster was driving the Dodge station wagon of her husband Wesley west on "N" Avenue. The streets, each about 25 feet wide intersect at right angles. Adjacent to the sidewalks on the northeast corner of the intersection was a hedge which to some extent obscured the view of each driver as they approached the intersection. The impact of the left front of the Oldsmobile and the right front of the Dodge station wagon occurred in the northwest quadrant of the intersection. The station wagon careened southwesterly through the intersection, coming to rest in a yard. The only skid marks found were made by the station wagon after the impact. Plaintiff's Oldsmobile stopped at the point of impact, was slightly turned to the southwest and caught on fire.

Plaintiff testified he approached the intersection at about 10 miles per hour, he noticed the approach of the station wagon, thought it would yield and that he braked his vehicle to nearly a full stop before the impact. He estimated the speed of the station wagon at 25 miles per hour as it approached the intersection.

Defendant, Mrs. Foster, testified she entered "N" Avenue from an alley a half block east of the intersection, she approached the intersection at 10 to 15 miles per hour, she had looked north up Fifth Street a short distance before entering the intersection, saw no vehicle and at no time prior to the impact did she see plaintiff's vehicle. She braked only after her vehicle traveled some distance after impact.

Marlys C. Frank testified she lived two houses north of the intersection, two or three seconds before the impact she heard the noise from the southbound vehicle, it was loud and from the noise she determined it was traveling faster than the usual flow of traffic by her home.

Andria Morarie, age 17, testified that from the porch of her home she saw plaintiff's vehicle a half block away from the intersection, it was traveling 40 to 45 miles per hour and that it entered the intersection without slowing down. In another statement she estimated plaintiff's speed at 30 to 35 miles per hour at impact. She further testified the Foster vehicle entered the intersection at 10 to 15 miles per hour when plaintiff's vehicle was about one half block north of the intersection.

Cross-examination of Miss Morarie includes:

"Q. All right. Then they actually came together, did they not. In other words, both cars came into contact with each other?

"A. I don't see how they could have, sir, when he came down that street and then she was going up that street just minding her own business and all of a sudden he hit her."

The trial court's findings include "Plaintiff's vehicle was traveling at a greater speed than the defendant's vehicle." The court found plaintiff was negligent and said negligence was a proximate cause of the accident. Plaintiff's claim for damages to his vehicle was denied. Based on our holding in Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212, the court held Mrs. Foster's negligence in failing to keep a proper lookout was not imputed to Wesley and did not bar Mr. Foster's right to recover. That holding is not questioned on this appeal.

Plaintiff-appellant vigorously argues the testimony of Miss Morarie was the only evidence of any unreasonable speed, it was so incredible, obviously exaggerated and inconsistent with physical facts as not to be worthy of belief and therefore there is no substantial evidence to support the trial court's finding of negligence against plaintiff.

III. This contention requires we state additional well-established applicable legal principles. In a law action tried to the court we will not weigh the evidence or pass upon the credibility of witnesses. Beneficial Finance Company of Waterloo v. Lamos, Iowa, 179 N.W.2d 573, 584; Henschel v. Hawkeye-Security Insurance Company, Iowa, 178 N.W.2d 409, 415; Phoenix v. Stevens, 256 Iowa 432, 436, 127 N.W.2d 640, 642.

Even though this court might arrive at a different conclusion from the evidence, the real test is the sufficiency of the evidence to support the conclusion of the fact finder. Schimerowski v. Iowa Beef Packers, Inc., Iowa, 196 N.W.2d 551, 555; State Farm Mutual Automobile Ins. Co. v. Wyant, Iowa, 191 N.W.2d 689, 693; Clark v. Marietta, 258 Iowa 106, 111, 138 N.W.2d 107, 110.

With the quoted applicable legal principles in mind we have reviewed the entire record. We conclude the finding of fact of which plaintiff complains is supported by substantial evidence. The judgment of the trial court must stand.

Affirmed.