Arnold J. SCHAAP, Administrator of the Estate of Margery Schaap, Deceased, Appellee,

v.

CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

Arnold J. SCHAAP, Administrator of the Estate of Carol Schaap, Appellee,

v.

CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

Arnold J. SCHAAP, Administrator of the Estate of Peter Schaap, Appellee,

v.

CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

No. 52736.

Supreme Court of Iowa.

Jan. 9, 1968.

Frank W. Davis, Des Moines, for appellant.

Hobson, Cady & Drew, Hampton, and Van Eman, Mulder, Klinkenborg & Rolfs, Parkersburg, for appellees.

LeGRAND, Justice.

This is an interlocutory appeal under rule 332, Rules of Civil Procedure, involving three consolidated cases arising out of a fatal accident on July 20, 1966. The sole issue before us challenges the sufficiency of answers to interrogatories made by plaintiff. We limit our discussion to the questions and answers in one of the actions, although the conclusion we reach applies equally to all.

Plaintiff alleges Margery Schaap, Carol Schaap, and Peter Schaap were the only occupants of a 1960 Ford automobile owned by Peter Schaap when it was struck by one of defendant's trains at the intersection of a gravel road and defendant's railroad tracks in Franklin County. All three were killed. Plaintiff is administrator of the estate of each. Plaintiff pleads negligence by defendant in the operation of the train and asks damages for the wrongful death of each decedent.

After answer was filed, defendant submitted interrogatories to be answered by plaintiff under rule 121, R.C.P. We set out in full the two interrogatories and answers which are in dispute here:

"Interrogatory: State whether you, your attorney, your insurance carrier or anyone acting on your or their behalf obtained statements in any form regarding any of the events or happenings referred to in the petition filed herein.

"Answer: I have not obtained any statements in any form from anyone regarding any of the events or happenings concerning this accident, and I do not know whether my attorney or insurance carrier obtained any statements.

"Interrogatory: State the name and address of all persons known to you or your attorney having any knowledge of the relevant facts of the accident in which plaintiff's decedent was killed.

"Answer: I do not know the names or addresses of persons having knowledge of the facts of this accident, and I do not know whether my attorney has the names

and addresses of persons having knowledge of the facts of this accident."

The interrogatories and answers are identical in the cases of Margery Schaap and Carol Schaap. Only the first interrogatory and answer apply to the case of Peter Schaap.

We are asked to decide if these answers comply with rule 124(a), R.C.P. which provides: "Duplicate sworn answers shall be filed, separately answering each interrogatory responsively, and as fully as may be." In short, must a party supply by way of answer to interrogatory information solely within the knowledge of his attorney? Defendant contends plaintiff is obligated to do so. Plaintiff insists he has answered the interrogatories as fully as he can from his own information, which is all the law requires of him.

I. We point out this matter does not reach us on objections to the interrogatories as propounded. Rule 123, R.C.P., permits such objections to test the propriety of the interrogatories before answer. Plaintiff, however, elected to answer the interrogatories without objection and we are concerned solely with the sufficiency of such answers under rule 124(a) above set out. Failure to object is usually considered to be a waiver of the objection. 23 Am.Jur.2d, Depositions and Discovery, section 289, page 687; McKeon v. Highway Truck Drivers and Helpers, Local 107, U.S.Dist.Ct., Delaware, 28 F.R.D. 592; Smith v. Danvir Corp., Del.Super., 188 A.2d 118, 96 A.L.R.2d 594.

We agree that a party who might have objected to interrogatories, but failed to do so, waives such objection and is required to make full answer under rule 124(a). We hold plaintiff cannot now, belatedly, use rule 123 to avoid the provisions

of rule 124(a). Our consideration of this matter is limited to deciding if plaintiff has answered "responsively, and as fully as may be."

II. It is generally held that the discovery rules are to be liberally construed. We have said this on a number of occasions. The tendency is to broaden the scope of discovery to permit litigants access to as much material information as possible before trial. Hardenbergh v. Both, 247 Iowa 153, 161, 73 N.W.2d 103, 107 and citations; Wheatley v. Heideman, 251 Iowa 695, 702, 102 N.W.2d 343, 348; Crist v. Iowa State Highway Commission, 255 Iowa 615, 623, 123 N.W.2d 424, 431; 23 Am.Jur.2d, Depositions and Discovery, section 144, page 475; 27 C.J.S. Discovery § 20, page 44.

To hold plaintiff's answer to these interrogatories sufficient would be to subvert this principle of liberal construction. It would permit easy violation of rule 124(a), R.C.P. and encourage, in many cases, concealment rather than disclosure of material facts.

We disagree, therefore, with the trial court's ruling that the answers given by plaintiff are sufficient. It is generally held that information within the knowledge of a litigant's attorney must be supplied in answer to a proper interrogatory. Privileged information is, of course, protected as is the attorney's work product. Neither matter is involved here, since no such objection was made by plaintiff before answering.

In 23 Am.Jur.2d, Depositions and Discovery, section 188, page 539 appears the following:

"A party may not refuse to disclose the identity and location of witnesses on the ground that the information sought is sole-

ly within his attorney's knowledge, but names and addresses of witnesses known only to a party's attorney must be disclosed on a proper interrogatory addressed to the party. An order requiring a party to answer an interrogatory as to the names and addresses of all persons known to his attorneys to have any knowledge concerning the facts of the accident in question is not objectionable on the ground that the information is both privileged and the 'work product' of attorneys. * * *"

We have already held that disclosure of the names of persons having information concerning an event does not violate rule 143, R.C.P., which prohibits requiring a party to list the witnesses he expects to call at trial. Wheatley v. Heideman, 251 Iowa 695, 102 N.W.2d 343; Hitchcock v. Ginsberg, 240 Iowa 678, 37 N.W.2d 302.

Plaintiff's answer to the interrogatory asking if statements had been taken from persons having knowledge of the accident is also insufficient in view of what we have already said. It might be noted this interrogatory does not seek to discover the contents of such statements but asks only if any were obtained.

We hold the trial court erred in ruling the answers as given by plaintiff are sufficient. Plaintiff should be required to include in such answers any information available either to him or to his attorney. Battershell v. Bowman Dairy Company, 37 Ill.App.2d 193, 185 N.E.2d 340, 344; Dritt v. Morris, 235 Ark. 40, 357 S.W.2d 13, 17; Hickman v. Taylor, 329 U.S., 495, 67 S.Ct. 385, 91 L.Ed. 451. This matter is remanded for entry of an order directing plaintiff in all three cases to answer these interrogatories as required by rule 124(a), R.C.P., based upon information not only within his own personal knowledge but also in possession of his attorney.

Reversed and remanded.

All Justices concur.