**William BLINK, Jr., Appellant,**

v.

**James A. McNABB and Overhead Door Company of Des Moines, Inc., Appellees.**

**No. 62625.**

Supreme Court of Iowa.

Jan. 23, 1980.

Harold J. DeLange, II, of Wehr & De-Lange, Davenport, for appellant.

Louis R. Hockenberg of Wasker, Sullivan & Ward, Des Moines, and Ralph D. Sauer of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellees.

McGIVERIN, Justice.

Plaintiff William Blink, Jr., appeals from judgment for defendants James A. McNabb and Overhead Door Company of Des Moines, Inc., in his equitable action for an injunction to require defendants to maintain the natural flow of surface water across their property, thereby maintaining proper drainage of his neighboring land. We affirm.

Three issues are presented for our review:

1. Whether plaintiff's notice of appeal substantially complied with Iowa R.App.P. 6;

2. Whether trial court should have imposed a sanction for defendants' failure to supplement their answer to an interrogatory; and

3. Whether the trial court correctly denied relief on the merits of plaintiff's petition.

*I. Did plaintiff's notice of appeal substantially comply with Iowa R.App.P. 6?* We first must dispose of defendants' contention that the notice of appeal filed by Blink is defective and that this court has no jurisdiction of this case. Defendants say the notice of appeal requirements of Iowa R.App.P. 6(a) were not met because the notice, which is addressed to defendants, states in its body that defendants are appealing, when in fact it is plaintiff who is doing so. The notice also states that defendants appeal from all rulings adverse to defendants. Defendants filed a motion to dismiss the appeal, which we ordered submitted for ruling with the appeal.

The notice of appeal filed by plaintiff is as follows:

### NOTICE OF APPEAL

TO: DAVID H. DAHLIN, CLERK OF THE DISTRICT COURT IN THE STATE OF IOWA IN AND FOR SCOTT COUNTY

TO: JAMES A. McNABB AND OVERHEAD DOOR COMPANY OF DES MOINES, INC. AND TO THEIR ATTORNEYS RALPH SAUER AND LOUIS HOCKENBERG

You and each of you are hereby and herein notified that the *Defendants James A. McNabb and Overhead Door Company of Des Moines, Inc. named in the above entitled cause, have appealed and do hereby appeal from the Final Judgment of the court entered herein* and spread upon the Books and Records of the Clerk of the said District Court of the State of Iowa in and for Scott County, *on the 20 day of September, 1978; and have appealed and do hereby appeal from all portions of said Decree of Final Judgment* or Judgments with respect to findings as to liability, damages, the right of Plaintiff to have an injunction issued, and all other awards of every kind and nature, *and from all Rulings*, and Orders inhering therein, and from all Orders, findings, Rulings and Opinions of the Court in the above entitled cause prior to, during, and subsequent to trial therein, *which were in any manner adverse to the Defendants*, to the Supreme Court of Iowa. You are hereby notified that this Appeal will come on for Hearing and Trial in the Supreme Court at the Time and Place prescribed by and in accordance with the law of said Supreme Court.

/s/ Harold J. DeLange II
HAROLD J. DeLANGE II
WEHR & DeLANGE
Attorneys for Plaintiff
705 Kahl Building
Davenport, Iowa 52801

(Emphasis added.)

Iowa R.App.P. 6(a) provides in relevant part:

An appeal other than those allowed by order under rule 2 or rule 5, Rules of Appellate Procedure, is taken and perfected by filing a notice with the clerk of the court where the order, judgment or decree was entered, signed by appellant or his attorney. It shall specify the parties taking the appeal and the decree, judgment, order or part thereof appealed from. The appellant shall serve a copy of the notice on each other party or his counsel in the manner prescribed in R.C.P. 82"*b*" . . . .

Our latest case on this issue is *Hawkeye Security Insurance Company v. Ford Motor Company,* 199 N.W.2d 373, 378 (Iowa 1972), where we declined to adhere to previous cases requiring strict compliance with the rule on the content of a notice of appeal. We there said relative to then Iowa R.Civ.P. 336, which is substantially embodied in our present Iowa R.App.P. 6:

*Substantial compliance* with the provisions of rule 336 is sufficient; *cf. Vermeer v. Sneller* (Iowa 1971), 190 N.W.2d 389, 392. In considering the sufficiency of the content of the notice we now hold that if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the de-

fect the appeal will be entertained. *Cf. Railway Express Agency, Inc. v. Epperson* (8 Cir. 1957), 240 F.2d 189; *Jones v. Chaney & James Const. Co.* (C.A.Tex. 1968), 399 F.2d 84. This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities. *Phoenix v. Stevens,* 256 Iowa 432, 433–434, 127 N.W.2d 640, 641 (judgment entry and notice of appeal not in record); *Associates Discount Corp. v. Held,* 255 Iowa 680, 684, 123 N.W.2d 869, 871.

*Id.*

Defendants do not contend they were prejudiced by the claimed lack of compliance with rule 6(a). Defendants say they had no intention of appealing. Plaintiff, the only other party in the case, filed the notice of appeal. The notice did specify the September 20, 1978, judgment as the ruling appealed from. Defendants only say the notice of appeal, as filed by plaintiff, has the potential for prejudice and adds confusion to the record. We believe no prejudice resulted to defendants. Because plaintiff filed the notice of appeal, the intent of plaintiff to appeal may be inferred. Defendants were not misled by the defects in the notice. The substantial compliance test of *Hawkeye Security* is minimally satisfied here.

Although not a model of clarity, we hold the notice of appeal was sufficient and substantially complied with rule 6(a) under our test in *Hawkeye Security.* Defendants' motion to dismiss the appeal is overruled.

We now consider plaintiff's second issue.

■ *II. Should two of defendants' witnesses have been prohibited from testifying?* The next problem involves the failure by defendants to fully answer a written interrogatory filed by plaintiff.

On April 28, 1978, trial was set for August 21. On May 23 plaintiff submitted written interrogatories to be answered by both defendants under Iowa R.Civ.P. 126.

Defendants did not object to or answer the interrogatories within thirty days as required by rule 126. Therefore, on July 11 plaintiff filed a motion under rule 126(a) and Iowa R.Civ.P. 134(a) to compel answers and for attorney fees in connection with the motion. Defendants finally filed the answers to the interrogatories on August 17, four days before trial. Plaintiff's motion was never ruled on. However, the purpose of that motion was satisfied when defendants filed their answers. The problem we have involves the sufficiency of an answer.

We set out the interrogatory and answer in dispute here:

INTERROGATORY NO. 1: Please state the name, address, occupation and telephone number of each and every person who has any knowledge or information of the matters which have been set forth in Plaintiff's Petition and in your Answer.
ANSWER:
James A. McNabb, *President* of Overhead Door Company of Des Moines, Inc.
P.O. Box 3565 Urbandale Branch
Des Moines, Iowa 50322
515/987–4591

In response to another interrogatory, defendants also named an engineering firm employed by them as an expert witness.

In his petition, plaintiff alleged defendant McNabb owns land in Davenport adjacent to that of plaintiff. Defendant Overhead Door has a business on McNabb's land. Plaintiff claimed that construction work on McNabb's land had changed the natural flow of surface water, causing flooding and water damage of plaintiff's property. He asked the court to enjoin defendants from changing the natural water flow across their property and for an award of damages.

In addition to denying plaintiff's allegations, defendant McNabb in his answer to the petition alleged the grade of his property had not been changed, and that plaintiff knew of the drainage characteristics of McNabb's property when plaintiff purchased his own land.

At trial, defendants called two non-expert witnesses not listed in their answers to interrogatories. When Harry Bainer, the first witness was called, plaintiff stated:

MR. DeLANGE: Your Honor, before Mr. Bainer testifies, I would have to register an objection. In the answers to interrogatories, defendants did not list Mr. Bainer as a person having any information dealing with the matters in this lawsuit, and I have no supplemental answers to those.[1]

Bainer was the prior owner of defendants' property and knew of past and present drainage of the land of plaintiff and McNabb.

The court at first offered a continuance to permit plaintiff to take Bainer's deposition. In response, plaintiff said:

MR. DeLANGE: I would like to do that; however, I do not want to hold the witness up if I don't have to.

However, after an unrecorded conference, the court stated:

The Court has just now been advised that the plaintiff wants to take the deposition of this witness, although the Court is also advised that the plaintiff has taken no depositions of anybody in this case. I'm going to withdraw my offer. I'm not going to permit the taking of the deposition. I am going to permit the testimony of the witness, which I believe is in my discretion. You may continue.

Bainer then proceeded to testify for defendants and was cross-examined by plaintiff.

When defendants called Erle Glaus as a witness to testify as to his familiarity with the two properties in question and their water problems, plaintiff stated:

MR. DeLANGE: Your Honor, before this witness testifies, I would again renew my objection that I stated yesterday as to this witness not being previously disclosed as per the interrogatories that we submitted to the defendant.

In response, the court said:

Well, number one, as I said, you didn't insist on enforcement of the answers to interrogatories and they weren't filed until Friday, which would have done you little or no good, but in addition, I have to honestly say that I don't feel that the shotgun approach of the question that you're claiming should have elicited this person as a witness is specific enough to produce a sanction and prohibit his testimony.

The court also allowed this witness to testify on direct and then cross-examination.

On appeal, plaintiff says the answer to his first interrogatory was insufficient. We agree.

The interrogatory used here is a standard one, filed in many civil cases in Iowa. The names of potential witnesses having knowledge of the matters alleged in the pleadings is among the most important information that can be obtained by interrogatories. This information helps prevent surprise at trial, a major goal of the discovery rules. This view does not conflict with Iowa R.Civ.P. 143, which states a party shall not be required to list the witnesses he actually expects to call at trial, except for expert witnesses.

Here, defendants failed to adequately answer or supplement their answer to plaintiff's first interrogatory. Plaintiff was confronted at trial with two witnesses defendants had not revealed as persons who have any knowledge or information of the matters that have been set forth in plaintiff's petition and in defendants' answer.

We disagree with trial court and defendants and believe plaintiff's interrogatory was specific enough to have obligated defendants to list in their answer to the interrogatory, or a supplement thereto, the names of Bainer and Glaus.

In his brief, plaintiff impliedly asks for a reversal as was granted in *Schapp v. Chicago and North Western Railway Company,*

1. Iowa R.Civ.P. 125 states in part:
A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to
(A) the identity and location of persons having knowledge of discoverable matters . .  ..

261 Iowa 646, 155 N.W.2d 531 (1968) and to be able to take the depositions of the two defense witnesses.

This presents two problems, one practical and one legal. First, *Schapp* came to us on an interlocutory appeal of a pretrial ruling on the sufficiency of the answers to interrogatories. We reversed and required more complete answers before trial. Here the trial has been completed. Plaintiff already has cross-examined the two witnesses.

The second problem is that plaintiff failed to make an adequate record to permit corrective action to be taken at trial. Plaintiff's remedy was to move for a continuance under Iowa R.Civ.P. 182(a) and sanctions under Iowa R.Civ.P. 134, including a request to prohibit defendants from introducing the testimony of those two witnesses. However, plaintiff did neither. Perhaps he was deterred by trial court's attitude toward the matter. Because the motions were not made, he has not preserved error.

Based on the failure of plaintiff to preserve error, we can give no relief on his second assignment.

At the same time, we do not condone defendants' actions in failing to sufficiently answer plaintiff's first interrogatory. Our discovery rules should be promptly and fully complied with.

We turn now to a consideration of the merits of plaintiff's petition.

*III. Should plaintiff have been granted relief on his petition for injunction and damages?* We previously stated the allegations of plaintiff's petition in division II.

We have recognized that an action upon an alleged drainage nuisance may be premised on a private nuisance theory. In *Braverman v. Eicher*, 238 N.W.2d 331, 334 (Iowa 1976) we said:

There has been adopted and developed in this jurisdiction what may best be characterized as a modified civil law rule which recognizes a servitude of natural drainage as between adjoining lands. Under this concept a servient estate must accept surface waters which drain thereon from a dominant estate. On the other hand, no right exists to alter the natural system of drainage from a dominant estate in such manner as to *substantially* increase the servient estate burden.

(emphasis in original and citations omitted); *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 745 (Iowa 1977); *Ditch v. Hess*, 212 N.W.2d 442, 448 (Iowa 1973).

■ In a proper case, relief will lie in equity by injunction against the wrongful obstruction of the natural flow of waters. *City of Waverly v. Page*, 105 Iowa 225, 231, 74 N.W. 938, 941 (1898). We have also stated: " '[w]herever a situation exists which is contrary to the principles of equity and which can be redressed within the scope of judicial action, a court of equity will devise a remedy to meet the situation, though no similar relief has been given before.' " *Holden v. Construction Machinery Company*, 202 N.W.2d 348, 363–64 (Iowa 1972).

The scope of our review in this equity case is de novo. Iowa R.App.P. 4; *See Braverman*, 238 N.W.2d at 334. Especially when considering the credibility of witnesses, we give weight to the trial court findings, but are not bound by them. Iowa R.App.P. 14(f)(7).

From our de novo review of the evidentiary record, we note the previous owner of plaintiff's land, defendant McNabb, and three other witnesses testified that plaintiff's land had always been wet. Defendants constructed a new building on an existing foundation and a parking lot.

■ We agree with the following from trial court's findings and conclusions:

Plaintiff claims that Defendant, in the late fall and winter of 1976 and the winter and spring of 1977 did construct or permit to be constructed a building and parking lot on Defendant's premises which construction interrupted and changed the natural flow of surface water from Plaintiff's property. It is Plaintiff's claim that the natural drainage was from his property across Defendant's property and that since the con-

struction was completed, Plaintiff has had accumulations of water on his property causing him damage. Plaintiff asks for money damages and asks that Defendant be permanently enjoined from diverting the natural flow of surface waters.

There was expert testimony introduced by Plaintiff's witness Phil Tunnicliff and by Defendant's witness Marvin Hinkle which differed with respect to the natural contour of the real estate in question. There was testimony of the prior owners of both properties introduced and although that testimony varied in degree, both testified that the problem of water accumulation had existed prior to the time of the construction of the building and the parking lot.

The Court, having examined all the exhibits introduced both by Plaintiff and Defendant finds that the Defendant did not alter the natural drainage of surface waters on Plaintiff's property and further finds that it is obvious from an examination of the plats and from the testimony of the witnesses that this entire area is one that contains swales and potholes and without tile or artificial drains, is subject to water accumulation. This Court therefore finds that Plaintiff has failed to prove by a preponderance of the evidence that any action on behalf of Defendant altered the natural drainage of surface waters from Plaintiff's property.

The court entered judgment in favor of both defendants.

■ Where there has been no alteration by one party of a natural water course, the party complaining of damage caused by natural drainage of surface water is without judicial remedy. *Braverman*, 238 N.W.2d at 336; *see Rosendahl Levy v. Iowa State Highway Commission*, 171 N.W.2d 530, 536 (Iowa 1969). That is the situation here.

Although confronted with conflicting evidence, we believe trial court reached the right result on the merits of plaintiff's petition. The case is affirmed.

AFFIRMED.

All Justices concur except ALLBEE, Le-GRAND and HARRIS, JJ., who dissent from division I.

ALLBEE, Justice (dissenting).

Because of my conviction that the notice of appeal is fatally defective I would dismiss this appeal. Therefore, I dissent from division I.

LeGRAND and HARRIS, JJ., join this dissent.