STATE of Iowa, Appellee,

v.

Daniel Ray BIRCH, Appellant.

No. 64923.

Supreme Court of Iowa.

June 17, 1981.

Francis Wm. Henkels of Sprengelmeyer & Henkels, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and James G. Schilling, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Daniel Ray Birch appeals from judgment entered on his guilty plea to a charge of criminal mischief in the third degree in violation of section 716.5, The Code. The questions concern the sufficiency of his notice of appeal and the remedy for the trial court's failure to determine whether the plea had a factual basis. We hold that the notice of appeal was adequate and that the case should be remanded to permit the State to attempt to establish a factual basis for the plea. Therefore we remand with instructions.

I. *The notice of appeal.* Section 814.4, The Code, provides that an appeal in a criminal case is effected "by filing a written notice within sixty days after judgment or order with the clerk of the district court wherein the judgment or order was issued."

In this case the notice of appeal was not addressed to the State and did not inform the State that the appeal was to this court. The notice recited: "Comes now Defendant, Daniel Ray Birch, and does hereby appeal the Judgment and sentence [imposed] in the above matter and entered of record in the above Court on the 8th day of February, 1980." An assistant county attorney endorsed an "Acceptance of Service" on the notice.

During the pendency of the appeal, the State moved the court to require defendant to show cause why the appeal should not be dismissed. The grounds of the motion were that the notice was not addressed to the State and did not say the appeal was to the supreme court. The motion was overruled, but the parties were requested to address the jurisdictional issue in their briefs. The State now concedes defendant's notice met the standard delineated for notices of appeal in civil cases in *Hawkeye Security Insurance Co. v. Ford Motor Co.*, 199 N.W.2d 373, 378 (Iowa 1972):

> *Substantial compliance* . . . is sufficient . . . . [I]f the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained.

(emphasis in original). *See also Blink v. McNabb,* 287 N.W.2d 596, 598–99 (Iowa 1980).

In *State v. Fees*, 250 Iowa 163, 165, 93 N.W.2d 103, 104 (1958), this court held that failure to address a notice of appeal in a criminal case to the State or its attorney rendered it fatally defective. Appeals in criminal cases were then governed by section 793.4, The Code 1954. The statute did not expressly require the notice to be addressed to the adversary, but a previous, similar statute governing notices in civil cases had been construed to include such a requirement. The court in *Fees* gave the same construction to section 793.4.

Section 814.4 does not specify the form for a notice of appeal in criminal cases. It does not expressly require the

notice to be addressed to the adverse party or the adverse party's attorney, nor does it say the notice must identify the court to which the appeal is taken. In these circumstances we decline to hold that a notice which fails to contain such particulars is fatally defective. Instead, we hold that the substantial compliance standard adopted for notices of appeal in civil cases is also applicable in criminal cases. We overrule *State v. Fees* insofar as its holding is inconsistent with this standard.

We find that the substantial compliance test was met in the present case. Therefore the notice was sufficient to give this court jurisdiction of the appeal.

■ II. *The factual basis for the plea.* Defendant contends the trial court erred in accepting his guilty plea without determining it had a factual basis as required by Iowa R.Crim.P. 8(2)(b). He did not raise this issue by motion in arrest of judgment. However, the trial court did not advise the defendant in the plea proceeding of his duty to file such a motion in order to preserve error. Thus he is not precluded from raising the issue for the first time here. *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980).

■ The State concedes the record does not show a factual basis for the plea. The only dispute concerns the effect of this deficiency. Defendant asserts the conviction and sentence must be set aside and he be permitted to plea anew. The State contends the case should simply be remanded to permit it to attempt to establish a factual basis. It argues the conviction and sentence should be set aside only if it fails in this attempt.

In *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 620 (Iowa 1974), the court said the procedure to be followed was to vacate the judgment and remand to permit the State to attempt to make the necessary showing. We recently reiterated the holding in *Ryan* that the mere failure of the record to show a factual basis for a guilty plea does not require that a conviction be set aside. *State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980).

We hold that this is true despite the fact that the trial court erred in accepting the guilty plea without first determining that it had a factual basis as required by rule 8(2)(b). This situation is distinguishable from that in *State v. Fluhr*, 287 N.W.2d 857 (Iowa 1980), where additional deficiencies invalidating the plea were present. In that case the court failed to make the determinations which rule 8(2)(b) requires to be made as a result of personal colloquy with the defendant. *Id.* at 868–69. That deficiency has traditionally required the conviction and sentence to be set aside. The failure to determine a factual basis has not. *See Brainard v. State*, 222 N.W.2d 711, 719 (Iowa 1974) ("As to the fourth Sisco requirement, the judge did not determine a factual basis for the plea . . . . If this were the only flaw in the proceeding, the case would be remanded for that determination with the status of petitioner's conviction dependent on its outcome. However, because of the court's failure of substantial compliance with the first and second Sisco requirements, petitioner's conviction on this charge must be vacated and a new plea taken."). The distinction is made because a factual basis may be established through means other than personal colloquy with the defendant. *See Fluhr*, 287 N.W.2d at 868.

■ Moreover, one purpose of requiring a challenge to the adequacy of a guilty plea proceeding to be first raised by motion in arrest of judgment is to permit the record to be extended to determine whether the plea is valid. Rule 8(2)(b) does not affect this portion of the holding in *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977). *See also Adams v. State*, 269 N.W.2d 442, 444 (Iowa 1978). The conviction is not set aside unless the record as supplemented is insufficient to establish the validity of the plea in the respect involved. Consequently, our holding puts defendant in no worse position than if he had challenged his plea proceeding by motion in arrest of judgment.

Furthermore, we now hold that the judgment need not be vacated prior to the State's attempt to establish a factual basis.

No necessity exists for upsetting the judgment unless the State fails in its attempt. If it fails, of course, the conviction must also be set aside. *See Burtlow,* 299 N.W.2d at 670.

This case is therefore remanded for hearing in which the State may attempt to establish a factual basis for defendant's plea. If it succeeds, the trial court shall so indicate by order, confirming the prior judgment. If the State fails, the conviction and sentence shall be vacated and defendant be permitted to plead anew.

REMANDED WITH INSTRUCTIONS.