Kenneth L. JENSEN, Appellant,

v.

STATE of Iowa, Appellee.

No. 66464.

Supreme Court of Iowa.

Nov. 25, 1981.

Francis C. Hoyt, Jr., Chief Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., H. Walter Green,

Mills County Atty., and Stephen P. O'Meara, Page County Atty., for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN and LARSON, JJ.

ALLBEE, Justice.

Defendant pleaded guilty in January 1980 to charges of attempting to break and enter, a violation of section 708.10, The Code 1975; conspiracy to kidnap for ransom, section 719.1, The Code 1975; and two counts of escape, section 745.8, The Code 1975. Certain of these charges originated in Mills County and others in Page County. Defendant waived time for sentencing, and sentences were pronounced on January 11, 1980.

On April 9, 1980, defendant filed an application for postconviction relief, see § 663A.3, The Code 1979, and on November 24, 1980, he filed a motion to correct sentence, see Iowa R.Crim.P. 23(5). The motion was denied by trial court on January 16, 1981, and the application was similarly denied on January 21, 1981.

On March 4, 1981, defendant's attorney filed a notice informing the Page County attorney that defendant was appealing to this court "from the final judgment of sentence entered herein on March 2, 1980, and all adverse rulings inhering therein." An identically worded notice of appeal, addressed to the Mills County attorney, was filed on March 5, 1981.

■ First, we observe that defendant was sentenced on January 11, 1980, not on March 2, 1980, as erroneously stated in his notices of appeal. In fact, there was *no* judgment, order or other paper filed in defendant's case on March 2, 1980. But regardless of defendant's error in specifying the wrong date, the appeal from his judgment of sentence is not timely because it was filed well over a year after that judgment was entered. *See* § 814.4, The Code 1979 (notice of appeal in a criminal case must be filed within *sixty days* after entry of judgment or order appealed from).

■ Failure to appeal on time is a jurisdictional defect. In *Brock v. Dickinson County Board of Adjustment*, 287 N.W.2d 566, 568 (Iowa 1981), we said:

There is an appellate jurisdiction which is a class of its own, and which is limited, in the sense that it is contingent or conditional upon timely appeal by statutory method and within statutory time. Failure of such condition terminates its potential power to acquire thereafter any jurisdiction to review the judgment below. Consent will not confer it, nor waiver revive it.

*Id.* (quoting *In re Appeal of McLain*, 189 Iowa 264, 269, 176 N.W. 817, 819 (1920)).

■ Although the State has not raised the issue of the timeliness of defendant's appeal, we observe that this court has a duty to determine its own jurisdiction and to refuse, on its own motion, to entertain an appeal not authorized by rule. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

■ Defendant's appeal is not saved by the fact that it was filed within sixty days after trial court's denial of his motion to correct sentence and his application for postconviction relief. Iowa R.App.P. 6(a) requires that a notice of appeal "shall specify . . . the decree, judgment, order or part thereof appealed from." This rule governs perfection of appeals in civil cases, including postconviction proceedings, see § 663A.7, The Code 1981. An appeal from denial of a motion to correct sentence would be a criminal appeal, governed by section 814.4, which states: "An appeal is perfected by filing a written notice within sixty days after judgment or order with the clerk of the district court wherein the judgment or order was issued." While this section does not expressly state any requirements as to content, we believe it is inherent in the nature of a notice of appeal that the appellant must specify which judgment he appeals from.

Here, defendant affirmatively specified that he was appealing from a March 2, 1980, judgment of sentence, a judgment in fact entered on January 11, 1980. He did

*not* specify that he was appealing either from trial court's denial of postconviction relief or from its denial of motion to correct sentence, nor did either of those rulings "inhere" in trial court's earlier judgment of sentence. Therefore, we conclude that we are without jurisdiction to hear defendant's appeal because it is untimely.

APPEAL DISMISSED.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

It is true, as the majority states, that timeliness of an appeal is jurisdictional, and we have no discretion to say otherwise. However, whether the appeal in this case was timely depends upon which of the rulings was sought to be challenged. There were three trial-court judgments which preceded the March 4, 1981, notice of appeal: the sentencing (Iowa R.Crim.P. 22(3)), on January 11, 1980; the ruling on Jensen's motion to correct sentence (Iowa R.Crim.P. 23(5)), filed January 16, 1981; and the ruling on his postconviction-relief application (§ 663A.3, The Code), filed January 21, 1981. The notice of appeal stated it was an appeal from the "judgment of sentence" of *March 2, 1980.*

The majority correctly concludes the appeal is untimely if it relates to the original judgment and sentence, because it was not filed within sixty days. However, it *was* timely if it was an appeal from the court's denial of postconviction relief, or from the denial of the motion for correction of sentence, because both of those judgments were entered within sixty days prior to the notice of appeal. *See* § 663A.9, The Code (60-day appeal period in postconviction cases); § 814.4, The Code (60-day appeal period after "judgment or order" in criminal case).

Concededly, the notice of appeal was poorly drafted and provides little help, by its terms, in identifying the proceedings from which the appeal was taken: the date of the trial court's "judgment and sentence" was said to be March 2, 1980, a date which does not coincide with *any* of the rulings in the case.

Section 814.4, The Code, providing for appeals in criminal cases by service of "a written notice," prescribes no form or requisites for the notice. We have held, in a civil context, that whether a notice of appeal is sufficient to vest jurisdiction in this court does not turn upon form or accuracy, but whether the intent of the appellant may be inferred from it. *Blink v. McNabb*, 287 N.W.2d 596, 598–99 (Iowa 1980); *Hawkeye Security Insurance Co. v. Ford Motor Co.*, 199 N.W.2d 373, 378 (Iowa 1972) ("In considering the sufficiency of the content of the notice we now hold that if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained."); *accord*, 4 Am.Jur.2d *Appeal & Error* § 319, at 805 (1962) ("as a general rule . . . no technical form of words is essential to the sufficiency of a . . . notice [of appeal] which will not generally be held insufficient for mere . . . technical defects"). We have also held that an appellant in a criminal case need only substantially comply with the requirements delineated in section 814.4 for notices of appeal. *State v. Birch*, 306 N.W.2d 781, 783 (Iowa 1981) (defendant's notice was not addressed to the State and did not identify the court to which the appeal was taken; held to substantially comply with statute). *See also* 4A C.J.S. *Appeal & Error* § 475, at p. 173 ("A substantial compliance with the statutory requirements [for a notice of appeal] is sufficient, and mere technical and formal defects will be disregarded."); § 477, at p. 176 ("mere clerical errors and defects which do not mislead will not render the description [of judgment appealed from] insufficient") (1957).

I believe the intent of the appeal notice, apparent from the circumstances, was to appeal one or both of the judgments entered within the sixty-day period, not from the sentencing, which had occurred over a year before. While the trial court's rulings on correction of sentence and postconviction

relief were "judgments" for purposes of appeal, §§ 663A.9, 814.4, The Code, it is true the notice of appeal referred to a "judgment *of sentence.*" I do not believe, however, that reference to the "sentence" in the notice of appeal conclusively establishes that the appeal is directed to the actual sentencing which was over a year before, if the surrounding circumstances may reasonably be construed to show the intent was to appeal the most recent rulings. *See Blink,* 287 N.W.2d at 598–99 (notice of appeal by plaintiff, stating that defendants were appealing held to be sufficient; "the intent of plaintiff to appeal may be inferred" because plaintiff filed the notice). I believe the fact the notice of appeal referred to the "sentence," together with its reference to a date which has no connection with this case, suggests the possibility that a copy of a notice of appeal in another, unrelated case, might have been used as a sample form, without proper editing.

That the notice of appeal was intended to refer to the trial court's rulings on the post-trial motions and not to the year-old sentencing proceeding is circumstantially supported by the fact it was within the appeal period for the former, but not for the latter. This interpretation is confirmed by the subsequent course of the appeal, in which Jensen asserted as error rulings on the specific issues raised in the post-trial motions but which were not raised at all in conjunction with the original sentencing. Most important, the State apparently had no difficulty in discerning the intent; it responded to the issues dealt with in the trial court's rulings on the post-trial matters.

In attempting to identify which of the two post-trial rulings was challenged, or whether they both were challenged, the wording of the notice of appeal is again of no help. However, it is clear from the text of the notice that Jensen was in fact appealing a judgment of the trial court; it could not matter to the State whether it was the ruling denying his application for postconviction relief, or the ruling denying his rule 23(5) motion, or both, because the grounds alleged were identical.

I believe in a case such as this, where the notice is subject to more than one interpretation, one of which would invalidate the appeal and another which would not, we should resolve the doubt in favor of the latter, if no prejudice is shown. Here the State, which did not even raise this issue, does not claim it was misled or prejudiced by Jensen's notice of appeal.

I would hold the notice of appeal was intended to challenge the trial court's rulings on the defendant's post-trial motions, that it sufficiently complied with section 814.8, thus timely, and address the appeal on its merits.