# IN THE COURT OF APPEALS OF IOWA

No. 14-1470
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ERNEST RALSTON JR.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Jones County, Douglas S. Russell,

Judge.


        Defendant appeals from conviction and sentence following guilty plea.

**CASE REMANDED WITH INSTRUCTIONS.**


        Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, and Phil Parsons, County Attorney, for appellee.



        Considered by Tabor, P.J., Bower and McDonald, JJ.

**MCDONALD, J.**

Following the entry of a written guilty plea, James Ralston Jr., was convicted of domestic abuse assault, a second offense, a serious misdemeanor, in violation of Iowa Code section 708.2A(1) and (3)(a) (2013). On appeal, he contends his plea lacked a factual basis and the district court actually failed to find a factual basis for the plea. He also contends his plea was not voluntarily and intelligently made because he was not competent at the time of the plea.

The State contends Ralston is foreclosed from challenging his guilty plea on appeal because he failed to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). The failure to file a motion in arrest of judgment bars appellate review of the plea proceeding only if the district court first informed the defendant of the obligation to file the motion in arrest of judgment and the consequences for failing to do so. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006); *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). Substantial compliance with rule 2.8 is sufficient. *See State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002) ("[W]e have consistently held that substantial compliance [with informing a defendant of certain rights] is all that is required . . . .").

We conclude the district court did not substantially comply with the rule 2.8 advisory. This was a paper plea proceeding. The defendant signed a form entitled "Waiver of Rights and Plea of Guilty." The form makes no reference to the motion in arrest of judgment, the requirement for filing a motion in arrest of judgment, or the consequences for failing to file a motion in arrest of judgment. The defendant signed a second form, entitled "Consent to Waive Presence." The defendant marked a box that referred to the motion in arrest of judgment: "I give up my . . . right to challenge or appeal any irregularities or errors in the taking of my guilty plea that must be raised by the filing of a Motion in Arrest of Judgment." We think the language deficient in two respects. First, the waiver is not a sufficient substitute for actually apprising the defendant of the necessity of filing a motion in arrest of judgment and the consequences for failing to file. Second, the waiver is incomplete. The waiver used the restrictive pronoun "that." *See Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 798 (8th Cir. 2010) ("That is the defining, or restrictive, pronoun, which the nondefining, or nonrestrictive." (quoting William Strunk Jr. & E.B. White, The Elements of Style 53 (2d ed.1972))). Use of the restrictive "that" limits the scope of the waiver only to "errors or irregularities" "that must be raised by the filing of a Motion in Arrest of Judgment," from which it could be inferred there may be errors or irregularities that could be raised by some other procedural mechanism. In short, nowhere was the defendant informed that he waived appellate review of any and all challenges to his guilty plea by failing to file a motion in arrest of judgment. Ralston is thus not precluded from challenging his guilty plea on appeal.

Ralston first challenges whether the record available to the district court at the time the plea was accepted provided a factual basis to support each and every element of the offense. The first challenge is without merit. The record before the district court included the trial information, supporting minutes of testimony, and the sworn complaint. The information contained therein is sufficient to establish a factual basis for each element of domestic abuse assault, second offense. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined."); *State v Readus*, No. 03-0642, 2004 WL 239928, at *1 (Iowa Ct. App. Feb. 1, 2004) (relying on sworn complaint to conclude there was factual basis for the plea).

Ralston also raises the distinct challenge of whether the district court actually determined Ralston's guilty plea had a factual basis. This issue merits greater consideration than the first. Rule 2.8(2)(b) provides the district court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." In the form entitled "Order Approving Written Plea and Judgment and Sentence," the district court "approve[d]" the plea and waiver forms signed by Ralston. In the same document, the district court imposed judgment and sentence. Nowhere in the Order Approving Written Plea and Judgment and Sentence did the district court actually determine or find there was a factual basis for the plea. There is no other document in the record establishing the district court found or determined Ralston's plea had a factual basis. There is no record of any colloquy in which

the district court found or determined the plea had a factual basis. We must conclude the district court erred in accepting Ralston's plea without making this prerequisite determination. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980) (stating "trial courts in this state must determine on the record that a factual basis for the plea exists before the plea is accepted"), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801 (Iowa 1990); *State v. Butcher*, No. 11-0928, 2012 WL 1349497, at *3 (Iowa Ct. App. Apr. 25, 2012) (holding the district court violated rule 2.8(2)(b) where "nothing in th[e] record" showed the court actually made a determination there was a factual basis for the plea).

Ralston also contends his plea was not voluntarily and intelligently made because he was not competent at the time of the plea because he was under the influence of three prescribed medications. He argues he acted quickly, entered his guilty plea the same day the trial information was filed, and acted against the advice of counsel, which "should have raised reasonable doubt to the trial court as to his competence." We start with the presumption a defendant is competent. *See State v. Lyman*, 776 N.W.2d 865, 874 (Iowa 2010). A defendant has the burden to prove incompetence. *See id.* Ralston had the burden to inform the court of his medications and their effect on his capacity to enter a plea but did not do so. A defendant's decision to plead guilty against the advice of counsel is not an indication the defendant is incompetent. *See State v. Thomas*, 205 N.W.2d 717, 723 (Iowa 1973). Ralston's defense attorney affirmed on the written plea form that Ralston, "to the best of [the attorney's] knowledge and belief" was

making the plea "knowingly and voluntarily and intelligently." We thus conclude the argument is without merit.

That said, the district court "must determine . . . whether the plea is voluntary and intelligent." The written Order Approving Written Plea and Judgment and Sentence does not contain a finding the plea was voluntary and intelligent as required by rule 2.8(2)(b). As in the prior discussion regarding the requirement of finding a factual basis, the issue here is not that Ralston was not competent to plead, but rather the court failed to make the required finding the plea was voluntary and intelligent before accepting the plea. *See Meron*, 675 N.W.2d at 543-44.

There is a distinction between a waiver of procedures in a plea to a serious or aggravated misdemeanor set forth in rule 2.8(2)(b) and a waiver of the court's duty to make the requisite determinations the plea is supported by a factual basis and is made voluntarily and intelligently. *See id.*; *see also State v. Putney*, No. 14-0433, 2015 WL 1331837, at *3 (Iowa Ct. App. Mar. 25, 2015). While some of the procedures can be waived, the necessity of making the required findings cannot be waived. This raises the question of remedy where, as here, the district court did not make the required findings. We conclude the judgment, conviction, and sentence of the court need not be vacated unless the court is unable to make the requisite findings. *See State v. Birch*, 306 N.W.2d 781, 783-84 (Iowa 1981). Accordingly, we remand to allow the district court to make the required findings, which may require a hearing. *See State v. Horak*, No. 13-1027, 2014 WL 957612, at *4 (Iowa Ct. App. Mar. 12, 2014) (remanding

for further proceeding where "nothing in the record" showed district court actually made the required determinations).  If the court can make the findings, the court "shall so indicate by order, confirming the prior judgment."  *Birch*, 306 N.W.2d at 784.  If the court is unable to make the required findings, "the conviction and sentence shall be vacated and the defendant be permitted to plead anew."  *Id.*

**CASE REMANDED WITH INSTRUCTIONS.**