# IN THE COURT OF APPEALS OF IOWA

No. 14-1210
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DREW TYLER WHITEHORN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson (suppression), Mary E. Howes (plea), and Mark D. Cleve (sentencing), Judges.

Drew Tyler Whitehorn appeals his conviction following a guilty plea to second-degree arson. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, Michael J. Walton, County Attorney, and Kimberly Shepherd, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Drew Tyler Whitehorn appeals his conviction following a guilty plea to second-degree arson. Whitehorn claims the district court erred in denying his motion to suppress and also claims defense counsel rendered ineffective assistance. We affirm.

**I. Background Facts and Proceedings**

After Whitehorn admitted to being a lookout for a friend setting a fire, the State charged him with one count of first-degree arson. Whitehorn filed a motion to suppress, which was denied. After a few days of testimony in Whitehorn's April 2014 trial, his motion for mistrial was granted. In June 2014 Whitehorn orally entered a plea of guilty to the lesser-included offense of second-degree arson, a class "C" felony. The State and Whitehorn also filed a written plea agreement, which provided in exchange for his guilty plea Whitehorn would receive an indeterminate ten-year term of incarceration and the court "shall not" suspend the sentence. The agreement also provided Whitehorn would stipulate to (1) a probation violation, (2) a revocation of his deferred judgment in a separate case concerning possession with intent to deliver marijuana, and (3) an indeterminate five-year term of incarceration for the marijuana case without suspension of incarceration. Finally, the plea agreement specifically stated "each period of incarceration herein shall run consecutively to one another."

The court accepted the plea and sentenced Whitehorn in accordance with the plea agreement. He now appeals.

## II. Suppression Challenge

Whitehorn challenges the voluntariness of his statements during the police interview and the voluntariness of his waiver of his *Miranda* rights.

First, we note, "[i]t is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009); *see State v Dorr*, 184 N.W.2d 673, 674 (Iowa 1971) (stating a guilty plea "waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself"). Second, we note Whitehorn's challenges do not assert an irregularity intrinsic to the plea itself. Because Whitehorn has waived his specific voluntariness claims by entering a plea of guilty, we find no merit to this challenge.

## III. Ineffective Assistance of Counsel

Whitehorn claims his counsel was ineffective in several regards. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). "Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, we will consider such claims on direct appeal where the record is adequate." *State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999). Finding the record adequate, we address the merits. Whitehorn must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted. *Carroll*, 767 N.W.2d at 641; *see State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006) ("We presume performance of counsel falls within a range of reasonable professional assistance.").

**A. Failure to Timely File Notice of Appeal.** Whitehorn filed a timely notice of appeal of his arson conviction, resulting in the instant appeal. Subsequently, Whitehorn filed an application to treat the arson conviction's notice of appeal as an appeal of both the arson conviction and the marijuana conviction. The State resisted. Our supreme court considered his filing to be a motion for a delayed appeal in the marijuana case and denied the motion in December 2014.

In this direct appeal of his arson conviction, Whitehorn claims counsel was ineffective in failing to file a notice of appeal in the marijuana case because he instructed his attorney to appeal both cases. We have jurisdiction over the timely filed arson appeal but have no jurisdiction over the untimely filed marijuana appeal. *See Jensen v. State*, 312 N.W.2d 581 582 (Iowa 1981) ("Failure to appeal on time is a jurisdictional defect."). Although our supreme court denied his application, Whitehorn continues to try to bootstrap issues concerning his marijuana conviction into his timely appeal of his arson conviction. We have no jurisdiction to address those issues.

**B. Sentence.** Whitehorn claims counsel was ineffective in telling him his sentences would be concurrent for a total of ten years. But our review of the record shows Whitehorn was well aware he would be sentenced to consecutive sentences totaling an indeterminate fifteen-year term of incarceration when he entered both his oral and his written guilty plea. First, the written agreement provided Whitehorn agreed to stipulate to an indeterminate five-year term on the marijuana conviction to run consecutively to the indeterminate ten-year term for

his arson conviction. Second, at the plea hearing, after the court explained the maximum and minimum penalties, the following exchange occurred:

> THE COURT: [Y]ou also are under probation for another case, so your probation will probably be revoked as a result of this case, and these sentences usually run consecutive, too.
> WHITEHORN: Yes, Your Honor.
> THE COURT: Just so you're aware of that, which I know it says it in the plea agreement.
> WHITEHORN: Yes, Your Honor.

Later in the plea hearing, but before Whitehorn pleaded guilty, the following occurred:

> THE COURT: This is to a plea agreement that says you plead guilty [to second-degree arson]. It also says under sentencing that you're agreeing to a period of incarceration not to exceed ten years, and it also says that you understand that you're going to stipulate to a violation of your probation for the [marijuana case], and that's a five-year sentence, and you agree that that period of time of incarceration should not be suspended, and that each period of incarceration shall run consecutively to each other, so basically, under your plea agreement, you're agreeing to a sentence not to exceed fifteen years being imposed by the court. Of course, that's the maximum sentence. The actual time you spend is not necessarily fifteen years, but that's what you're agreeing to be sentenced to. Do you understand that?
> WHITEHORN: Yes, Your Honor, I do.
> THE COURT: Okay. Do you have any questions on the plea agreement?
> WHITEHORN: No, ma'am.

Finally, at the sentencing hearing, the court stated: "[I]n abiding by the plea agreement, the court will order that these sentences shall run consecutive to one another, so you will receive credit for [time served] on what will amount to one single sentence that is going to run consecutively here." Accordingly, Whitehorn was fully aware consecutive terms of incarceration were a part of the plea agreement and thus has failed to prove counsel breached a duty.

**C. Non-Forcible Felony.** Whitehorn claims counsel was ineffective in telling him he was pleading guilty to a "non-violent" crime. This claim is similarly without merit. If by "non-violent" crime, Whitehorn means a forcible felony, we note Whitehorn did not plead to a forcible felony when he pleaded guilty to second-degree arson. *See* Iowa Code § 702.11(1) (2013) (stating a forcible felony includes arson in the first degree). Counsel had no duty to provide Whitehorn with inapplicable information.

**D. Accessory-after-the-Fact Law and Plea Withdrawal.** Whitehorn claims counsel was ineffective in "providing him with case law on the day of his plea for accessory after the fact and discussing that this charge is what he was actually guilty of, and also for failing to withdraw his plea after he asked [counsel] to do so."

Upon our de novo review, we conclude Whitehorn has failed to prove the prejudice element of this ineffective-assistance claim. *See Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984) (stating if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," a court should so rule). In the context of a guilty plea, to satisfy the prejudice element Whitehorn must prove "a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and instead would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006); *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").

Given the incriminating statements Whitehorn made to authorities and the benefit Whitehorn received in the State's agreement to reduce the charges from first-degree arson to second-degree arson, he has not established he would have insisted on going to trial to face the potential of a twenty-five-year sentence when entering a plea to a reduced charge allowed a negotiated and certain ten-year sentence. *See* Iowa Code §§ 712.2 (first-degree arson), 902.9(2) (stating "a class "B" felon shall be confined for no more than twenty-five years").

Because we conclude Whitehorn has not established his claims, we affirm his conviction and sentence.

**AFFIRMED.**