## IN THE COURT OF APPEALS OF IOWA

No. 14-1537
Filed January 13, 2016

**DESHAWN MICHAEL LEE MAPP,**
Applicant-Appellant,

vs.

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


Applicant appeals from the order dismissing for non-prosecution his application for postconviction relief.  **REVERSED AND REMANDED.**


Mark J. Neary of Neary Law Office, Muscatine, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Mary Triick, Assistant Attorneys General, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

In 1997, DeShawn Mapp pleaded guilty to conspiracy to commit murder, in violation of Iowa Code sections 706.1 and 707.1 (1995), and conspiracy to commit willful injury, in violation of Iowa Code sections 706.1 and 708.4. *See State v. Mapp*, 585 N.W.2d 746, 747 (Iowa 1998). On direct appeal, the supreme court affirmed his conviction for conspiracy to commit murder but reversed the conviction for conspiracy to commit willful injury. *See id.* at 749.

In October 2013, Mapp filed a petition for writ of coram nobis, contending his conviction for conspiracy to commit murder should be changed to involuntary manslaughter. The rationale for Mapp's request was Mapp's codefendant went to trial on the same facts and was found guilty of only involuntary manslaughter. The district court treated Mapp's petition as an application for postconviction relief filed pursuant to Code chapter 822 and appointed Mapp counsel. On July 9, 2014, the district court set a hearing for dismissal for non-prosecution unless action was taken by August 15, 2014. No action was taken, and the district court dismissed the application without prejudice on August 15, 2014.

Before addressing the merits, we address a jurisdictional question. The State contends the notice of appeal is fatally defective. Iowa Rule of Appellate Procedure 6.102(1)(a)(1) provides that a "notice of appeal shall specify the parties taking the appeal and the decree, judgment, order, or part thereof appealed from." Here, the notice of appeal contained a scrivener's error setting forth the wrong date of the order from which the appeal was taken. We conclude this scrivener's error does not deprive this court of jurisdiction over the appeal.

"[W]e will liberally construe the notice of appeal to preserve the right of review and permit a hearing on the merits." *State v. Lindell*, No. 11-0822, 2012 WL 2819328, at *3 (Iowa Ct. App. July 11, 2012). Strict compliance with Rule 6.102(1)(a)(1) is not required. *See State v. Birch*, 306 N.W.2d 781, 782-83 (Iowa 1981). Rather, "[s]ubstantial compliance . . . is sufficient" so long as: (1) "the intent of the appellant to appeal from a judgment may be inferred from the text of the notice" and (2) "the appellee has not been misled by the defect[.]" *Id.* at 782. It is clear Mapp intended to appeal from the final judgment entered in this matter. It is also clear the State has not been misled by the defect; the dismissal order is the only appealable order in a skinny court file. *See Schrader v. Sioux City*, 167 N.W.2d 669, 672 (Iowa 1969) ("We have repeatedly held that a notice of appeal must sufficiently describe the judgment or order appealed from so as to leave no doubt as to its identity."). We thus address the merits.

Mapp contends the dismissal order must be reversed pursuant to *Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011). In *Patchette v. State*, 374 N.W.2d 397, 399 (Iowa 1985), the court held there is a statutory right to the effective assistance of postconviction counsel and adopted the *Strickland* bipartite test applied to constitutional claims of ineffective assistance of counsel. In *Lado*, the court held counsel breached a duty owed the postconviction applicant "in failing to seek a continuance to prevent dismissal under Iowa Rule of Civil Procedure 1.944 or to make application to the court for the reinstatement of his case after it was dismissed by operation of the rule." 804 N.W.2d at 253. The court further held postconviction counsel's breach constituted prejudicial structural error

rendering "the entire postconviction relief proceeding unreliable." *Id.* The court reversed the dismissal order and remanded the matter for further proceedings. *See id.*

The State recognizes *Lado* is controlling but argues for an exception to the rule. The State contends prejudice should not be presumed where, as here, it is evident the application is time-barred pursuant to Code section 822.3. We decline to adopt the exception for two reasons. First, this case falls squarely within the holding of *Lado*. As a general rule, the task of materially altering substantive or procedural rights is best left to the Supreme Court of Iowa. *See, e.g.*, *Riniker v. Wilson*, 623 N.W.2d 220, 227 (Iowa Ct. App. 2000); *Friedley v. State*, No. 11-1782, 2013 WL 988628, at *2 (Iowa Ct. App. Mar. 13, 2013) (rejecting the State's request to overrule or limit *Lado* and remanding postconviction matter for further proceedings). Second, the exception the State seeks seems particularly inapplicable where, as here, the postconviction applicant facially makes some argument the statute of limitations is inapplicable. *See* Iowa Code § 822.3 ("However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.").

"[T]he district court's dismissal is reversed, and the case is remanded to the district court for adjudication on the merits." *Lado*, 804 N.W.2d at 253.

**REVERSED AND REMANDED.**