# IN THE COURT OF APPEALS OF IOWA

No. 18-0702
Filed March 6, 2019

IN THE MATTER OF W.S.,
Alleged to Be Seriously Mentally Impaired,

W.S.,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.


W.S. appeals from an order finding he remains seriously mentally impaired.

**APPEAL DISMISSED.**



Cami Eslick of Eslick Law, Indianola, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant

Attorney General, for appellee State.


Considered by Potterfield, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

On March 20, 2018, the district court found W.S. remained seriously mentally impaired. On April 20, W.S. appealed the order, arguing the State failed to prove he lacked sufficient judgment to make reasonable decisions about his treatment and there was not substantial evidence of dangerousness because there was no evidence of a recent overt act, attempt, or threat.

Before this case was transferred to our court, the supreme court raised on its own motion the issue of jurisdiction after it appeared notice of appeal might be untimely. *See Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013) (noting court is to address jurisdictional issue of timeliness of appeal before reaching merits even if parties do not raise the issue). W.S. was ordered to file a statement concerning whether this court has jurisdiction to hear the appeal, and the State was permitted to file a response. Counsel for W.S. states that she "had neglected to take into account that there are [thirty-one] days in January" and argues we should excuse her neglect in filing the appeal one day late and consider the appeal on its merits.[1] The State argues we do not have jurisdiction to consider this appeal. The supreme court ordered the jurisdictional issue be considered with the appeal and transferred the appeal to our court.

Iowa Rule of Appellate Procedure 6.101 provides that notices of appeal must be filed within thirty days after the filing of the final order or judgment. Timely notice of appeal is jurisdictional. *Jensen v. State*, 312 N.W.2d 581, 582 (Iowa

---

[1] We note that the number of days in January did not affect the timeliness of the notice of appeal here, although the number of days in March does affect the calculation of thirty days.

1981). It was within W.S.'s control to appeal in a timely fashion. Counsel's mistake is not an extraordinary circumstance like those for which we have previously granted delayed appeals. *See, e.g.*, *In re L.H.*, 890 N.W.2d 333, 339 (Iowa Ct. App. 2016) (allowing delayed appeal where the self-represented appellant filed the appeal in the wrong court and the appeal would have been timely if filed within the correct court). Because the appeal was not timely filed, we lack jurisdiction to consider the merits of the appeal. We dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**